Jim BOOHER, Individually, and d/b/a
Booher and Associates, Appellant,

v.

Harold W. CRISWELL, d/b/a Harold W.
Criswell and Associates, Appellee.

No. 18693.

Court of Civil Appeals of Texas,
Dallas.

Nov. 13, 1975.

H. Wayne Meachum, Green, Gilmore, Cruther, Rothpletz & Burke, Dallas, for appellant.

Sam C. Rodehaver, Wyrick, Rodehaver & Walker, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Harold W. Criswell, d/b/a Harold W. Criswell and Associates, brought this action against Jim Booher, "individually and d/b/a Booher and Associates," to recover on a sworn account. The trial court granted Criswell's motion for summary judgment, and Booher appeals. We reverse and remand.

Criswell attempted to bring suit on a sworn account in compliance with Tex.R. Civ.P. 185, to recover in the sum of $2,382.87, arising from his performance at the request of appellant, of engineering consultant services. Booher's verified answer denied liability in the capacity in which he was sued and, further, denied liability generally. Criswell moved for summary judgment and as grounds therefor alleged (1) that he had made out a prima facie case under rule 185; and (2)

that Booher did not comply with rule 185 requirements for a proper denial of the sworn account; and (3) that there was no material fact issue. Booher opposed the motion for summary judgment, alleging that he was not liable, individually or d/b/a Booher and Associates, on the account since he had never contracted for or received services from Criswell in any capacity. After hearing the motion and considering the pleadings and affidavits of the parties, the trial court granted the motion and awarded judgment to Criswell for the sum of $2,382.87, together with attorney's fees of $475, interest and costs. The court filed conclusions of law that Criswell's action met the requirements for a suit on sworn account as defined in rule 185 and that Booher's answer was insufficient, as a matter of law, to controvert the petition.

Appellant Booher contends that the trial court erred in granting summary judgment against him because a material issue of fact existed as to whether appellant was liable to appellee in the capacity in which he was sued. He argues that his verified denial of liability in the capacity in which he was sued was sufficient to controvert appellee's rule 185 cause of action.

▮ The strict requirements of denial in accordance with rule 185 do not apply to a defendant who is not liable in the capacity in which he was sued, and is thus a stranger to the transaction. In such a case, a written denial under oath as required by Tex.R. Civ.P. 93(c) is sufficient to controvert the account and to put plaintiff on proof of his claim without the aid of the presumption arising from the procedural rule 185. *McCamant v. Batsell*, 59 Tex. 363, 370 (1883); *Hilton v. Musebeck Shoe Co.*, 505 S.W.2d 341, 342 (Tex.Civ.App.—Austin 1974, writ ref'd n. r. e.); *Copeland v. Hunt*, 434 S.W.2d 156, 158 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.); *Robertson v. Rexall Drug & Chemical Co.*, 410 S.W.2d 200, 201 (Tex.Civ.App.—Fort Worth 1966, no writ). We agree, therefore, with appellant that his verified denial pursuant to rule 93(c) was sufficient to put the appellee on proof of his claim on the account sued upon.

▮ Since we hold the sworn denial of capacity is sufficient to raise an issue of fact on the pleadings, we look to the summary-judgment proof presented by appellee to determine whether he has established, as a matter of law, that no material issue of fact existed. The record reveals that the only summary-judgment evidence offered by Criswell was his own affidavit in which he states that he was hired by "Jim Booher, individually and d/b/a Booher and Associates," to perform engineering services in connection with three projects; that he performed the requested services, including all stipulations and conditions, between May 1973, and February 1974; that Booher agreed to pay what his services were reasonably worth and that they were worth the sums of money charged therefor; that Booher has refused to pay said amount and is wholly in default, damaging Criswell in the sum of $2,382.87; and that all just and legal offsets, credits and payments have been allowed. Essential elements of the cause of action alleged by Criswell are, therefore, supported only by opinion testimony, because the statement in the affidavit concerning the value of plaintiff's services and other statements are matters of opinion. Evidence amounting to nothing more than opinions and conclusions is not sufficient to establish a cause of action as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 829 (Tex.1970). Having failed to meet his burden, we hold that Criswell has not established a cause of action as a matter of law; therefore, the trial court erred in granting summary judgment.

The judgment of the trial court is reversed, and the cause remanded to the trial court for further proceedings.