EDINBURG MEAT PRODUCTS
COMPANY, Appellant,

v.

The VERNON COMPANY, Appellee.

No. 1030.

Court of Civil Appeals of Texas,
Corpus Christi.

March 31, 1976.

Alfonso Ibanez, Pena, McDonald, Prestia & Zipp, Edinburg, for appellant.

Kelley, Looney, Alexander & Hiester, Edinburg, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment for plaintiff on the pleadings in a suit on sworn account. In the trial court, the Vernon Company was plaintiff and Edinburg Meat Company was defendant. The original petition and the account statements thereto attached, duly verified in accordance with the requirements of Rule 185, T.R.C.P., was filed on December 3, 1974. The petition sets out a cause of action based on an account with defendant for the sale of some calendars to defendant by plaintiff.

Defendant filed an unsworn original answer on December 5, 1974, which consisted

of a general denial. On January 25, 1975, defendant filed a pleading entitled "Denial of Sworn Account", which reads, as follows:

"*DENIAL OF SWORN ACCOUNT*

TO THE HONORABLE JUDGE OF SAID COURT:

Again comes Defendant, EDINBURG MEAT PRODUCTS CO., and shows the Court that the claim alleged in Plaintiff's Original Petition which is the foundation of its action herein, including the exhibits therein, are not just or true in the following particulars:

(a) In that the invoices designated as Exhibit 'A' are duplication orders, erroneously shipped by Plaintiff to Defendant herein and the merchandise therein is priced at an excessive price not agreed upon by Defendant herein.

(b) In that similar merchandise required one year prior was missent to another company in California, and credited therefore was to be given Defendant herein on any new purchases. Therefore, legal offsets and credits are not shown or given on said account.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take *nother* by its suit and that Defendant go hence with his costs without *day*.

EDINBURG MEATS PRODUCTS CO.

BY   /s/ A. J. Vale
          A. J. Vale, President"

The jurat attached thereto is in the language:

"SUBSCRIBED AND SWORN to before me by the said Arturo J. Vale, on this the 23rd day of January, 1975.

Pattilee Beutnagal
Notary Public, Hidalgo County, Texas"

Plaintiff, on May 13, 1975, filed its first supplemental petition, which alleged an alternative cause of action against defendant based on breach of contract. It was asserted therein that defendant entered into written contracts with plaintiff, whereby plaintiff was to furnish calendars to defendant as set out in the contracts, and defendant was to pay plaintiff the agreed price for same, which promise to pay was breached by defendant.

On May 19, 1975, defendant filed a pleading which was also entitled "Denial of Sworn Account". It reads, as follows:

"*DENIAL OF SWORN ACCOUNT*

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Edinburg Meat Products Company, Defendant in the above numbered and styled cause, and shows the Court that each and every item in Plaintiff's Petition which is the foundation of Plaintiff's action, including the attached exhibits, is not just and true. And of this he prays judgment that Plaintiff take nothing by his suit and that Defendant go hence with his costs without day.

THE STATE OF TEXAS }
COUNTY OF HIDALGO  }

BEFORE ME, the undersigned authority, A Notary Public in and for said County and State, on this day personally appeared Alfonso Ibanez, to me well known to be a credible person and qualified in all respects to make this affidavit, who being by me duly sworn, upon oath states that he has read the foregoing Denial of Sworn Account designed to be used in the cause of The Vernon Co. vs. Edinburg Meat Products Co. in the County Court at Law in Hidalgo County, Texas, and knows the contents thereof, that he is the attorney of record of the Defendant in such cause and that such Denial of Sworn Account is in every respect true and correct.

          /s/ Alfonso Ibanez
          Alfonso Ibanez

SUBSCRIBED AND SWORN TO before me by the said Alfonso Ibanez on this the 19th day of May, A.D., 1975, to certify which witness my hand and seal of office.

          /s/ Yolanda D. Garcia
          Notary Public in and for
          Hidalgo County, Texas"

The case was set for trial before the court without a jury. Plaintiff, when the case was called for trial on May 22, 1975, announced "ready", and then moved for judg-

ment on the pleadings on the ground that its cause of action based on sworn account had not been controverted by a legally sufficient sworn denial. At the conclusion of argument on the motion, judgment was rendered for plaintiff. No evidence was introduced by plaintiff. The judgment, in part, recites:

". . . The Court, after having heard the evidence and argument of counsel on Plaintiff's Motion, is of the opinion that Defendant's operative answer is insufficient as a matter of law and therefore Plaintiff should have Judgment as plead for in its Original Petition herein, to-wit: for $757.53, plus interest on its Judgment at the rate of 6% per annum, plus $200.00 in reasonable attorney's fees, and its costs of suit.

THEREFORE, it is ORDERED, ADJUDGED AND DECREED that Plaintiff recover of Defendant and Defendant pay to Plaintiff its damages in the amount of $757.53, plus interest on that amount at the rate of 6% per annum from the date of Judgment, attorney's fees in the amount of $200.00, and costs of suit, for which let execution issue."

Defendant has duly perfected an appeal from that judgment.

Defendant, in points of error 1 and 2, contends that the trial court erred in rendering judgment for plaintiff on the pleadings because its defensive pleadings were sufficient to controvert the action brought against it by plaintiff. It argues that the first "Denial of Sworn Account" was sufficient to put the matters raised in plaintiff's original petition in issue, and that the second "Denial of Sworn Account" was, in fact, a supplemental answer to plaintiff's unverified supplemental petition, which put in issue the allegations made in the supplemental petition. ·

Rule 185, T.R.C.P., insofar as the same is applicable to this appeal, states that a proper pleading based on a sworn account:

". . . shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file

a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true; . . ."

Rule 93(k), T.R.C.P., provides, in part, that the following matters, unless the truth of such matters appears of record, shall be verified by affidavit:

\*    \*    \*    \*    \*    \*

"(k) That an account which is the foundation of the plaintiff's action, and supported by the affidavit, is not just; and, in such case, the answer shall state that each and every item is not just or true, or that some specified item or items are not just *and* true. (Emphasis supplied)."

Plaintiff claims that defendant's "Second Denial of Sworn Account" is, in fact, an amended pleading which completely replaced the first "Denial of Sworn Account". It further claims that even though it be held that the "Second Denial" is merely a supplemental answer in response to plaintiff's first supplemental petition, or even if the two denials are considered together, that the requirements of Rules 185 and 93(k), T.R.C.P., have not been met in connection with its cause of action based on sworn account, as alleged in its original petition.

■ The cases which have interpreted Rules 185 and 93(k) have uniformly required strict adherence to the requirements of the rules. *Goodman v. Art Reproductions Corporation*, 502 S.W.2d 592 (Tex.Civ. App.—Dallas 1973, writ ref'd n. r. e.); *Oliver Bass Lumber Co., Inc. v. Kay & Herring Butane Gas Co., Inc.*, 524 S.W.2d 600 (Tex. Civ.App—Tyler 1975, no writ). A denial of a sworn account must be in compliance with those rules, and if it is not, the defendant will not be permitted to deny the plaintiff's claim or any item included therein. *Wilson v. Browning Arms Company*, 501 S.W.2d 705 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd).

■ Rule 185 is a rule of evidence. In the absence of a sworn denial in compliance with the requirements of the Rule, the sworn account is received as prima facie

evidence as against the defendant sued thereon, and the defendant may not dispute the receipt of the items or services, or the correctness of the stated charges. 2 McDonald, Texas Civil Practice, § 7.31 (1970).

It is not necessary for this Court to decide whether the "Second Denial of Sworn Account" is an amended pleading that replaced the first "Denial of Sworn Account". Neither the first nor the second denial is in substantial compliance with Rules 185 and 93(k), T.R.C.P. Whether the second denial is, in effect, an answer in response to plaintiff's first supplemental petition is immaterial to the disposition of this appeal. Judgment was not rendered on the basis of a breach of contract. Plaintiff's motion for judgment on the pleadings was directed to its action on sworn account. It was stated in the judgment: "Plaintiff should have judgment as plead for in its Original Petition"; judgment was rendered on that basis.

Even if we were to consider the first denial as a live pleading, it does not meet all of the mandatory requirements of the Rules. It is a partial denial only and does not constitute a denial which states that "each and every item is not just *or* true, or that some specified item or items are not just *and* true (emphasis supplied)", as required by the Rules. Moreover, there is no showing that A. J. Vale, who signed the pleading and made the jurat affixed thereto, had any personal knowledge of the facts stated in the body of the pleading. Without such assertion of personal knowledge by the affiant, the requirements of a verified denial are not met.

The second denial purports to deny the entire claim. It is also fatally defective. It is couched in terms of "each and every item" in plaintiff's claim, but goes on to state that the claim "is not just *and* true (emphasis supplied)", while the Rules require that a denial of the *whole* claim state that each and every item of the claim is not just *or* true. Furthermore, there is no showing in the affidavit to the second denial that Mr. Ibanez, the attorney for defendant, who made the affidavit attached to the pleading, had any personal knowledge of the facts set out in the body of the pleading.

In the state of the record here presented, plaintiff was not required to put on any proof of the facts alleged by it in its petition on sworn account beyond the facts alleged in its sworn petition. *Collins v. Kent-Coffey Manufacturing Company*, 380 S.W.2d 59 (Tex.Civ.App.—Eastland 1964, writ ref'd); *Wilson v. Browning Arms Company*, supra; *Glasco v. Frazer*, 225 S.W.2d 633 (Tex.Civ.App.—Dallas 1949, writ dism'd). Plaintiff was entitled to judgment on his sworn account pleadings in the amount of $757.53, plus interest thereon as provided in the judgment. Defendant's points 1 and 2 are overruled.

Defendant, in point 3, asserts that the trial court erred in awarding $200.00 to plaintiff as attorney's fees because there is no evidence to support such an award. We agree. Plaintiff argues that the judgment with respect to attorney's fees was proper because Tex.Rev.Civ.Stat.Ann. Art. 2226 (1971),[1] provides that the trial court may take judicial knowledge of the current State Bar Minimum Fee Schedule and the contents of the case file in determining a reasonable attorney's fee without the necessity of hearing further evidence. No evi-

---

1. The statute, as now amended, in part, provides:

"Any person, . . . having a valid claim against a person or corporation for services rendered, labor done, material furnished, . . . or suits founded upon a sworn account or accounts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if . . . he should finally obtain judgment for any amount thereof . . . he may, if repre-

sented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence."

dence was offered on the issue of reasonable attorney's fees.

■ The original answer filed by defendant, although legally insufficient to put in issue the matters relating to the action on sworn account, was legally sufficient to controvert plaintiff's action to recover reasonable attorney's fees. The filing of the first and second denials had no effect upon the general denial insofar as the issue on attorney's fees is concerned. Plaintiff's motion for judgment on the pleadings invoked the judgment of the trial court on questions of law as applied to the pleaded facts.

Plaintiff, in its original petition, with respect to the issue of attorney's fees, alleged:

"That though demand has been made upon the Defendant to pay said account, more than 30 days prior heretofore, said account remains unpaid and the Plaintiff has, therefore, found it necessary to employ the undersigned attorneys to represent it herein and has promised to pay said attorneys a reasonable attorney's fee in the amount of $200.00, plus costs."

The allegation that plaintiff was entitled to recover attorney's fees was contested by defendant's general denial, a proper pleading. Therefore, the burden was on plaintiff not only to allege presentment of its claim but to also prove presentment of such claim to defendant more than 30 days prior to the date judgment was rendered. *Gateley v. Humphrey*, 151 Tex. 588, 254 S.W.2d 98 (1952); *El Paso Mld. & Mfg. Co., Inc. v. Southwest For. Ind., Inc.*, 492 S.W.2d 331 (Tex.Civ.App.—El Paso 1973, writ ref'd n. r. e.); *Stafford v. Brennan*, 498 S.W.2d 703 (Tex.Civ.App.—Corpus Christi 1973, no writ); *G & W Marine, Inc. v. Morris*, 471 S.W.2d 644 (Tex.Civ.App.—Beaumont 1971, no writ).

■ There is no evidence of any presentment by plaintiff of its claim. The "no evidence" point must be sustained.

The issue of reasonableness of attorney's fees is a question of fact, not of law. Article 2226 contemplates that in a trial before a court without a jury, the State Bar Minimum Fee Schedule shall be prima facie *evidence* of reasonable attorney's fees. Thus, in a non-jury case, where there is a trial, the court may take judicial knowledge of the minimum fee schedule as to the *reasonableness* of the attorney's fees for the legal services rendered. In this case, however, the judgment was not rendered following a non-jury trial. There was no trial on any contested issue of fact. The reasonableness of attorney's fees, as well as the issue of sworn account, was decided as a matter of law. Under the record here presented, the trial court had no evidence before it that could furnish a basis for awarding reasonable attorney's fees, a controverted issue of fact. Since the judgment which was rendered, a judgment on the pleadings, could only resolve questions of law, the portion of the statute which provides that the minimum fee schedule in an action on sworn account shall be prima facie evidence of reasonable attorney's fees has no application to this appeal.

The Supreme Court, in *Coward v. Gateway Nat. Bank of Beaumont*, 525 S.W.2d 857 (Tex.Sup.1975), said that in a summary judgment proceeding, the minimum fee schedule, without more, was not conclusive on the issue of reasonableness of attorney's fees. There is no reason why that rule should not be applied to a case where there is no trial before the court, but judgment on the pleadings is rendered in advance of a trial. Plaintiff's right to an attorney's fee of $200.00 was not established as a matter of law. Defendant's point 3 is sustained.

That portion of the judgment which awarded plaintiff a recovery of $757.53, plus interest on that amount at 6% per annum from date of judgment, is affirmed. That portion of the judgment which assessed all of the court costs against defendant is reformed, and judgment is here rendered that ½ of such costs be and the same is hereby assessed against defendant and the remaining ½ be and the same is hereby assessed against plaintiff. That portion of

the judgment which awarded plaintiff a recovery of $200.00, as attorney's fees, is reversed, and judgment is here rendered that plaintiff take nothing in its action to recover attorney's fees. Costs incurred in this Court are taxed ½ to defendant and ½ to plaintiff.

AFFIRMED IN PART, REFORMED IN PART, AND REVERSED AND RENDERED IN PART.