Raul Garcia, Alice, for appellant.

John C. Mullen, Alice, for appellee.

**DUVAL COUNTY RANCH COMPANY, Appellant,**

v.

**CLARK PIPE & SUPPLY, INC., Appellee.**

**No. 16015.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 13, 1978.

OPINION

MURRAY, Justice.

This is an action filed in the 229th District Court of Duval County, Texas, by Clark Pipe & Supply, Inc., plaintiff, against Duval County Ranch Company, defendant, on an account as a result of a sale of pipe by plaintiff to defendant. The plaintiff's petition and the account statement attached thereto was duly verified in accordance with the requirements of Texas Rules of Civil Procedure, Rule 185.[1] The defendant's answer was in the form of a general denial and was not in compliance with Rule 185 or Rule 93(k).

At the trial of this case before the court without a jury, the plaintiff introduced into evidence the plaintiff's first amended original petition, the request for admissions, and the defendant's reply to said request for admissions, and plaintiff moved for a judgment on the pleadings. The court overruled this motion and thereafter plaintiff introduced evidence before the court. After both sides had rested, the court entered judgment for plaintiff in the sum prayed for and attorney's fees. The defendant has duly perfected an appeal from this judgment to this Court.

1. All reference to Rules hereafter are to the Texas Rules of Civil Procedure.

Defendant contends that the judgment of the trial court should be reversed because of no evidence points and the introduction of certain exhibits in evidence over his objection. These points are without merit and we affirm the judgment of the trial court.

Rule 185 states that a proper pleading based on a sworn account shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true. Rule 93 provides in part that the following matter shall be verified by affidavit:

(k) That an account which is the foundation of the plaintiff's action, and supported by the affidavit, is not just; and, in such case, the answer shall state that each and every item is not just or true, or that some specified item or items are not just and true.

Defendant's answer was as follows:

### I.

That the allegations contained in Plaintiff's Original Petition are generally untrue and your Defendant demands his legal prerogative of requiring Plaintiff to prove each and every allegation, if they can.

### II.

Defendant further states that all offsets and counterclaims have not been allowed.

### III.

Defendant further states that the accounts sued on in this case are not due and owing by this Defendant.

The jurat on defendant's answer is signed by the attorney for the defendant and he states that the facts are true and correct "to the best of his knowledge." The defendant will not be permitted to deny plaintiff's claim unless he files a sworn answer in strict compliance with Rules 93(k) and 185. *Goodman v. Art Reproductions Corp.,* 502 S.W.2d 592 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.); *Wilson v. Browning Arms* Co., 501 S.W.2d 705 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd). In *Wilson,* the court stated at page 706:

Tex.R.Civ.P. 185 provides that in a suit on a sworn account plaintiff's petition, properly verified, 'shall be taken as prima facie evidence thereof.' Such rule also provides that unless the defendant files a written denial, denying the plaintiff's allegations under oath, in the form provided, the defendant shall not be permitted to deny the plaintiff's claim.

The judgment of the trial court is affirmed.