David R. **GAYNE**, Individually and d/b/a Strawberry Apartments and also d/b/a Colony Creek Apartments, Appellant,

v.

**DUAL-AIR, INC.**, Appellee.

No. A2200.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 21, 1980.

Rehearing Denied June 18, 1980.

**374**

Murray L. Lieberman, Lieberman, Tratras & Markowitz, Houston, for appellant.

Charles C. Foster, Jr., Soape, Foster, Halla & Craft, Houston, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a judgment based upon a sworn account for services and materials. We reverse and remand.

On February 24, 1977, appellee, plaintiff below, filed this cause of action seeking recovery on a sworn account and attorney's fees. Appellee's petition included an affidavit, as required by Tex.R.Civ.P. 93(k) and 185 (hereinafter referred to as Rule 93(k) and Rule 185), and several invoices detailing the services and materials supplied to appellant, defendant below. Appellant's answer denied the allegations of appellee's petition, demanded strict proof, and included a counter-affidavit. Appellant's counter-affidavit stated in part:

> On this 21st day of March, 1977, personally appeared before the undersigned authority DAVID H. GAYNE a duly authorized agent of the Defendant in the above styled and numbered cause who on his oath did state that the matters contained in the Defendant's Original Answer and to the best of his knowledge, are true and correct and that the Plaintiff's charges as to each and every item is not just or true.

Though appellee contended at trial that appellant's sworn denial was equivocal and did not comply with the requirements of Rules 93(k) and 185, and so contends before this court, no special exceptions or motion for summary judgment were presented to the court. Rather, the invoices were admitted into evidence and the testimony of one of appellee's employees was adduced in support of appellee's claim. At the close of the evidence the court awarded appellee judgment for $9,634.57 principal $1,204.32 interest, and $1,500.00 attorney's fees.

Appellant first contends there is no evidence or insufficient evidence to support the judgment because the sole witness for appellee had no personal knowledge of the transactions made the basis of the suit and the invoices admitted into evidence are inadequate. He claims they are inadequate because the evidence did not establish the

reasonable cost for the work in Harris County, nor did the invoices set forth a systematic record of all the charges entered in sequence. In making these contentions, appellant assumes that his sworn denial was sufficient to raise material fact questions.

■ Appellee argues that the phrase "to the best of my knowledge" is analogous to the phrase "to the best of my knowledge and belief," which has been held to be inadequate for purposes of a sworn denial under Rule 185. *Guay v. Schneider, Bernet & Hickman, Inc.*, 341 S.W.2d 461 (Tex.Civ. App.—Waco 1960, writ ref'd n. r. e.). Rule 185 requires that the affidavit be "to the effect that such claim is, within the knowledge of affiant, just and true . . . ." We hold that the wording used in appellant Gayne's affidavit does not satisfy the requirements of Rule 185 and does render the affidavit equivocal. The words "within my knowledge," as used in Rule 185, imply that the affiant has sufficient knowledge of the facts to verify his statement as to the truth and justness of the account. On the other hand, the words "to the best of my knowledge" do not necessarily connote a knowledge of the facts by the affiant sufficient to support the verity of such a statement. As appellant's counter-affidavit is based upon the "best of his knowledge" only, it is equivocal and inadequate.

■ As we have previously said, "A denial of a verified account must be in the terminology of Rule 185 and courts are extremely exacting in the nature of the language used in sworn denials of such accounts." *Solar v. Petersson*, 481 S.W.2d 212 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ). *See also Oliver Bass Lumber Company v. Kay and Herring Butane Gas Company, Inc.*, 524 S.W.2d 600 (Tex. Civ.App.—Tyler 1975, no writ). The failure of appellant's sworn denial to conform to the requirements of Rule 185 brings appellant within the scope of the bar imposed by Rule 185, which states "he shall not be permitted to deny the claim, or any item therein, as the case may be." Consequently, appellant's first four points of error, all predicated upon his position that he had

properly denied appellee's claim, are overruled.

■ Appellant did, however, plead the affirmative defense of failure of consideration and presented testimony in support thereof. Appellant's failure to file a counter-affidavit which conformed with Rule 185 does not preclude appellant from asserting and proving an affirmative defense. *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860, 863 (Tex.1979); *P. T. Poultry Growers v. Darr Equipment Company, Inc.*, 537 S.W. 773 (Tex.Civ.App. —Tyler 1976, writ ref'd n. r. e.).

■ Appellant failed to request findings of fact and conclusions of law and none were included in the judgment. Consequently, all fact questions must be presumed found in support of the judgment, where supported by the pleadings and evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). In reviewing the record to determine if any evidence exists to support the judgment and implied findings of fact, it is proper to consider only the evidence favorable to the judgment and implied findings of fact and to disregard all evidence or inferences to the contrary. *Goodyear Tire and Rubber Company v. Jefferson Construction Company*, 565 S.W.2d 916 (Tex. 1978). Based on the record before us, we find no evidence to rebut appellant's evidence and testimony that there was at least a partial failure of consideration. It appears that a substantial portion of the materials and services rendered were not specifically requested and were not used to rectify the problems which appellee had been requested to solve.

"A partial failure of consideration will not invalidate a contract and prevent recovery thereon, but is a defense pro tanto thereto." *Huff v. Speer*, 554 S.W.2d 259, 263 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n. r. e.). The evidence, however, did not reveal with adequate clarity the particular labor and materials on each invoice to which these complaints related. Consequently, in the interest of justice we must remand for fuller development of the evidence. Tex.R.Civ.P. 434.

Finally, as the propriety of attorney's fees will rest upon the disposition of the cause by the trial court on remand, we do not reach appellant's contention with regard to the granting of attorney's fees.

Reversed and Remanded.