## SPECIAL MARINE PRODUCTS, INC., et al., Appellants,

v.

## WEEKS WELDING & CONSTRUCTION, INC., Appellee.

### No. A2895.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1981.

William E. Heitkamp, Houston, for appellants.

Franklin R. Navarro, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and PRICE, JJ.

PRICE, Justice.

In a suit on a sworn account, Special Marine Products, Inc. and Lloyd V. Gouge, Jr., appellants, appeal from the trial court's granting of a summary judgment in favor of appellee, Weeks Welding and Construction, Inc. Plaintiff-appellee brought suit to recover amounts allegedly owed it for services and goods provided to defendant-appellant Weeks Welding and Construction, Inc. and Lloyd Gouge as an officer of the appellant corporation in addition to attorney's fees. On appeal, appellants assert that the affidavit of sworn account made by appellee's attorney attached to Plaintiff's Original Petition is insufficient to support a Summary Judgment because it was not based on personal knowledge; that the sworn denial in Defendant's First Amended Answer was a sufficient denial under Rule 185 Tex.R.Civ.P.; and that appellant Lloyd Gouge is not personally liable as to the debt allegedly owed by the appellant corporation. We affirm as to the appellant corporation and reverse and remand as to the individual liability of appellant Lloyd Gouge.

Appellee's original petition named both the corporation and Gouge, an officer of the corporation, as defendants. Attached to the petition was the appellee's supporting affidavit by appellee's attorney which recited that he made the affidavit based on "information and belief" and that the attached account was "just and true within the knowledge and belief of this affiant." Appellants filed a sworn denial that the account was just *or* true in certain particulars and further included a Rule 93(c) verified denial that appellant Lloyd Gouge was liable in his individual capacity. Appellee's motion for summary judgment was granted on the pleadings and affidavit for attorneys fees against both appellants.

Appellee's suit upon the sworn account was brought under the provisions of Rule 185, Tex.R.Civ.P. That rule provides, in part, that a systematic account properly verified "shall be taken as prima facie evidence thereof, unless the party resisting such claim . . . files a written denial under oath, stating that each and every item is not just or true, or that some specified items are not just and true." Since the 1971 Amendment of Rule 185, the cases have held that a defendant's denial of a verified account must be in the terminology of Rule 185, and the courts are extremely exacting in the nature of the language used in sworn denials of such accounts. If the

defendant has failed to deny the claim in the language of Rule 185, the courts have held such sworn denials to be insufficient to prevent Summary Judgment or Judgments on the Pleadings. *Duncan v. Butterowe*, 474 S.W.2d 619, 621 (Tex.Civ.App.—Houston [14th Dist.] 1971); *Solar v. Peterson*, 481 S.W.2d 212, 215 (Tex.Civ.App.—Houston [14th Dist.] 1972); *Gayne v. Dual-Air Inc.*, 600 S.W.2d 373, 375 (Tex.Civ.App.—Houston [14th Dist.] 1980); *McDonald v. Newlyweds, Inc.*, 483 S.W.2d 334 (Tex.Civ. App.—Texarkana 1972, writ ref'd n. r. e.); *Roy E. Youngblood v. Central Soya Company Inc.*, 522 S.W.2d 277 (Tex.Civ.App.—Ft. Worth 1975, writ ref'd n. r. e.); *Goodman v. Art Reproduction Corp.*, 502 S.W.2d 592 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.); *Dixie v. Mayfield Bldg. Supply*, 543 S.W.2d 5 (Tex.Civ.App.—Ft. Worth 1976).

■ As a result of this statutory language, if a defendant seeks to deny the entire account, he must state "each and every item is not just *or* true", using the disjunctive word "or." *Edinburg Meat Products Co. v. Vernon Co.*, 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976); *Roy E. Youngblood v. Central Soya Company Inc.*, 522 S.W.2d 277 (Tex.Civ.App.—Ft. Worth 1975, writ ref'd n. r. e.). On the other hand, as was the situation in the instant case, if the defendant desires to deny part of the account, he must state under oath with particularity that "some specified items are not just *and* true", using the conjunctive word *and*. *Edinburg Meat Products Co. v. Vernon Co.*, 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976); *Sigler v. Frost Bros.*, 555 S.W.2d 813, 816 (Tex.Civ. App.—El Paso 1977); *Oliver Bass Lumber Company Inc. v. Kay and Harris Butane Gas Company Inc.*, 524 S.W.2d 600, 603 (Tex.Civ.App.—Tyler 1975). In a case on a sworn account, a litigant may secure what is essentially a Summary Judgment on the Pleadings, as non-compliance with Rule 185 basically concludes that there is no defense. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971); *Wilson v. Browning Arms*, 501 S.W.2d 705 (Tex.Civ. App.—Houston [14th Dist.] 1973, writ ref'd). Appellants in the instant case alleged in their amended answer to plaintiff's original petition that the account was not just *or* true in certain particulars. Such denial was not in the language required by Rule 185 for a denial of the account in part. Since the appellant, Special Marine Products, Inc., did not file a sworn denial in the language of Rule 185 that each and every item was not just *or* true, or that some specified items were not just *and* true, the summary judgment was proper as to said corporation.

■ Appellee alleges in his petition that Gouge is individually liable on the sworn account to plaintiff. "It is well established that the rule which makes a verified account prima facie evidence in the absence of a written denial under oath does not apply to transactions between third parties or parties who were strangers to the transaction." *Boysen v. Security Lumber*, 531 S.W.2d 454, 456 (Tex.Civ.App.—Houston [14th Dist.] 1975); *Trinity Universal v. Patterson*, 570 S.W.2d 475 (Tex.Civ.App.—Tyler 1978). The invoices included in the account attached to the petition, reflect that only the corporate defendant, Special Marine Products, Inc., was a party to the transaction with appellee. The defendant, Lloyd V. Gouge, Jr., is not named or mentioned anywhere on the invoices attached and sworn to as the account on which this suit is based. The exception to the strictly written denial pursuant to Rule 185 has been applied where the plaintiff's own pleadings or the invoices or other evidence exhibited as the basis of the obligation reflected that the defendant was not a party to the original transaction. *Boysen v. Security Lumber Company, Inc., supra* at 456; *see also Hassler v. Texas Gypsum Co., Inc.*, 525 S.W.2d 53 (Tex.Civ.App.—Dallas 1975).

It has been held in several Texas sworn account cases that "a prima facie case is not established against an *individual* where the invoices used as a basis for the action show that the goods and services involved were sold to a *corporation.*" *Schuett v. Hufstetler d/b/a H&H Electric*, 608 S.W.2d 787, 788 (Tex.Civ.App.—Houston [14th Dist.]

1980) and cases cited therein; *see also Boysen v. Security Lumber Co.*, 531 S.W.2d 454 (Tex.Civ.App.—Houston [14th Dist.] 1975). Here, the invoices attached to appellee's petition specifically state the materials were sold and the services rendered to Special Marine Products, Inc. The mere fact that Gouge is a corporate officer of Special Marine Products, Inc. does not make him liable for the debts of the corporation. *Hassler v. Texas Gypsum Co., Inc., supra* at 55. The appellate court in *Hassler* further stated that a default judgment against an individual defendant was not supported by a sworn account containing an invoice showing that the goods were sold to a corporation. *Hassler v. Texas Gypsum Co., supra* at 55.

■ Since no prima facie case was established against Lloyd Gouge individually, it was unnecessary that appellant Gouge answer appellee's suit with a sworn denial sufficient to satisfy Tex.R.Civ.P. 185. A general denial would have been sufficient. *Copeland v. Hunt*, 434 S.W.2d 156 (Tex.Civ. App.—Corpus Christi 1968, writ ref'd n. r. e.). In addition, "in such a case, a written denial under oath as required by Tex.R. Civ.P. 93(c) is sufficient to controvert the account and to put the plaintiff on proof of his claim without the aid of the presumption arising from the procedural rule 185." *Booher v. Criswell*, 531 S.W.2d 844, 845 (Tex.Civ.App.—Dallas 1975). In the instant case, appellant's Rule 93(c) denial that he was liable in his individual capacity was sufficient to controvert plaintiff's assertion of his individual liability in the same manner as in *Booher v. Criswell, supra.* The summary judgment was erroneously granted against Lloyd V. Gouge individually. It should be pointed out, however, that we do not hold a Rule 93(c) sworn denial would have excused appellant Gouge from filing a sworn denial in compliance with Rule 185 had appellee's invoices and account showed appellant Gouge, individually, was a party to the transaction.

■■ Appellants further assert that appellee's affidavit in plaintiff's original petition is insufficient because it was not based on personal knowledge, and therefore, was not factual proof in a summary judgment proceeding. As authority, appellants cite in their brief *Hagar v. Texas Distributors, Inc.*, 560 S.W.2d 773 (Tex.Civ.App.1977 writ ref'd n. r. e.); *Sterling Construction Co. Inc., v. West Texas Equipment Co. Inc.*, 597 S.W.2d 515 (Tex.Civ.App.—Amarillo 1980); *Garza v. Allied Finance Co.*, 566 S.W.2d 57 (Tex.Civ.App.—Corpus Christi 1978); and *Horn v. First State Bank of Houston*, 530 S.W.2d 864 (Tex.Civ.App.—Houston [14th Dist.] 1975). On oral argument, appellants additionally cite *Lancaster v. Wynnewood Bank*, 470 S.W.2d 78 (Tex.Civ.App.—Waco 1971); and *Sparkman v. Peoples National Bank of Tyler*, 501 S.W.2d 739 (Tex.Civ. App.—Tyler 1973, writ ref'd n. r. e.). All of these cases are clearly distinguishable from the instant case because all of them involved either affidavits of facts made and filed by the defendant in opposition to a summary judgment motion under Rule 166–A Tex.R.Civ.P. (*Hagar, Sterling Construction Co. Inc., Lancaster* and *Garza*), or an affidavit by the plaintiff made and filed in support of and attached to a summary judgment motion under Rule 166–A (*Horn* and *Sparkman*). None of the cases involved a plaintiff's Rule 185 affidavit attached to and made a part of the plaintiff's petition, and none of the cases cited by appellant involve a sworn account case under Rule 185. Rule 166–A(e) Tex.R.Civ.P. expressly requires that affidavits made in support of or in opposition to a motion for summary judgment be shown to be based on personal knowledge and to set forth facts admissible in evidence. Rule 185 does not contain such a requirement. The elements in an affidavit to establish a prima facie case under a Rule 185 sworn account case are (1) that the attached account is just and true within affiant's knowledge; (2) that the account is due; and (3) that all just and lawful offsets, payments and credits have been allowed. Rule 185 Tex.R.Civ.P.; *Solar v. Peterson, supra.* Rule 185 plainly states the affidavit may be made by the party, his agent or attorney. Once a prima facie case has been established by reason of such sworn affidavit, it is incumbent on the de-

fendant to file a sworn denial in the terminology of Rule 185, as discussed earlier in this opinion, in order to avoid liability under a summary judgment motion or judgment on the pleadings. No affidavit under Rule 166–A is required to be filed by the plaintiff in order to support such summary judgment motion. It is the state of the pleadings and defendant's failure to file a sufficient sworn denial under Rule 185 which provides the basis for such summary judgment. Again, it is not required that plaintiff file an additional sworn affidavit under Rule 166–A based on personal knowledge and swearing to facts which are admissible in evidence in order to obtain such summary judgment. Rule 185 is a rule of evidence. In the instant case, the affidavit attached to plaintiff's original petition and attached account recited:

Before me, the undersigned authority, on this day personally appeared FRANKLIN R. NAVARRO, known to me, who being duly sworn, upon oath deposes and says that he is the Attorney for Plaintiff in this suit, Weeks Welding and Construction, Inc. and is duly authorized to make this affidavit, and that as such Attorney he makes this affidavit based on information and belief:

That he is familiar with the records of said business; that the attached account against Special Marine Products, Inc. and/or Lloyd Gouge, Jr., individually, constituting this cause of action, is taken from original records of Plaintiff, and is just and true within the knowledge and belief of this affiant; that all just and lawful offsets, payments and credits have been allowed and that the sum of $10,-966.25 is due, owing and unpaid.

/s/_____
Franklin R. Navarro

Subscribed and sworn to before me on this 9th day of March, 1981, to certify which witness my hand and seal of office.

/s/_____
T. G. Whitaker
Notary Public in and
for Harris County,
Texas

We hold that the foregoing affidavit together with the attached account was sufficient to make a prima facie case under Rule 185.

For the reasons heretofore discussed, we affirm the judgment for plaintiff as to appellant Special Marine Products, Inc., and we sever plaintiff's case against appellant Lloyd V. Gouge, Jr., individually, and reverse and remand for further development of the evidence as to appellant Lloyd V. Gouge, Jr., individually. Costs are to be taxed one half against appellant Special Marine Products, Inc. and one half against appellee Weeks Welding and Construction, Inc.