WAGGONERS' HOME LUMBER CO., INC., Appellant,

v.

BENDIX FOREST PRODUCTS CORPORATION, Appellee.

No. 9014.

Court of Appeals of Texas, Texarkana.

July 13, 1982.

Richard B. Tanner, Tanner & Jenkins, Dallas, for appellant.

Stewart Rabinowitz, Ungerman, Hill, Ungerman, Angrist, Dolginoff, Teofan & Vickers, Dallas, for appellee.

BLEIL, Justice.

Waggoners' Home Lumber Co., Inc. appeals from a summary judgment granting Bendix Forest Products Corporation the money it had sought on a sworn account together with attorney's fees and costs. Evidentiary issues are raised; we affirm.

Bendix sued under Rule 185, Tex.R. Civ.P., to recover the price of lumber products it had sold on an open account. Waggoners' Home did not properly deny the claim under oath, nor did it choose to answer requests for admissions served on it pursuant to Rule 169, Tex.R.Civ.P. The trial court deemed admitted the matters of which an admission was requested, then granted summary judgment. Waggoners' Home asserts that there is no evidence to support the summary judgment, that there is no evidence to support the award of attorney's fees, and that a genuine issue of fact was raised by the evidence.

In our review of this summary judgment proceeding, we apply the following rules:

(1) The movants have the burden of showing that there is no issue of material fact and that they are entitled to judgment as a matter of law;

(2) In deciding whether there is a disputed material fact issue, evidence favorable to the non-movant will be taken as true; and,

(3) Every reasonable inference will be indulged in favor of the non-movants and doubts resolved in their favor.

*Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1976); Tex.R. Civ.P. 166–A. Ordinarily summary judgment cannot be upheld based upon the pleadings. However, in a suit on a sworn account when there is no proper verified denial, the pleadings can be the basis for summary judgment. *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex.1971); *Special Marine Products, Inc. v. Weeks Welding,* 625 S.W.2d 822 (Tex.App.—Houston [14th Dist.] 1981, no writ).

In this case Bendix's pleadings are sufficient to support the judgment in its favor. The answer of Waggoners' Home was not sufficient to allow it to deny the claims of Bendix because the answer did not deny, in its body, the justness of the claim. Matters contained in the verification or jurat are not considered part of a Rule 185 answer. *Duval County Ranch Company v. Clark Pipe & Supply,* 572 S.W.2d 357 (Tex.Civ.App.—San Antonio 1978, no writ). Additionally, the matters of fact which were deemed admitted provide sufficient evidence to uphold the judgment.

The judgment recites that a hearing was held on the matter of attorney's fees. Waggoners' Home has not brought forward a statement of facts of the hearing, nor demonstrated that it was denied a statement of facts through no fault of its own. Unless the contrary is shown, we presume the trial court proceedings to be regular and in compliance with the law. *Dorfman v. Dorfman,* 457 S.W.2d 417 (Tex. Civ.App.—Texarkana 1970, no writ). We presume that the evidence at the hearing on attorney's fees sufficiently supports the findings implicit in the judgment.

In applying the standards to this proceeding we find that Waggoners' Home raised no genuine issue of fact and that summary judgment was properly granted. We affirm the trial court's judgment.