**FIVE STAR ENERGY CORPORATION, Appellant,**

v.

**SOWELL, OGG & HINTON, Appellee.**

**No. A14–82–013CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 12, 1982.

Don Fogel, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Michael Landrum, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and PRICE and JUNELL, JJ.

JUNELL, Justice.

This appeal arises from a suit instituted by appellee, Sowell, Ogg and Hinton, to recover attorney's fees for services rendered by appellee to appellant, Five Star Energy Corporation. Appellee pled several causes of action including a suit on a sworn account. After appellant filed its original answer, appellee filed a motion for summary judgment on the grounds that appellee's petition complied with Rule 185, but that the answer filed by Five Star Energy Corporation failed to comply with rules 185 and 93(k) of the Texas Rules of Civil Procedure. Appellant then filed its First Amended Original Answer but did not file any opposing affidavits or other written response to appellee's motion for summary judgment. A hearing was held and the trial court rendered a partial summary judgment in favor of appellee for the principal amount of the account, interest and attorney fees. Appellee took a nonsuit on its remaining claims against appellant, and the court granted severance of a cross-action filed against appellee. Thereafter, the trial court entered a final judgment that incorporated the terms of the partial summary judgment. Appellant perfected its appeal to this court.

In its first point of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment

because the First Amended Original Answer filed by Five Star Energy Corporation complied with rules 185 and 93(k) of the Texas Rules of Civil Procedure. Rule 185 provides in pertinent part:

> When any action or defense is founded upon an open account or other claim for goods ... on which a systematic record has been kept, and is supported by the affidavit of the party, ... the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall ... *file a written denial, under oath, stating that each and every item is not just or true,* or that some specified item or items are not just and true ... [emphasis added.]

Rule 93(k) provides that a defendant must verify by affidavit that:

> ... an account which is the foundation of the plaintiff's action, and supported by the affidavit, is not just; and, in such case, the answer shall state that each and every item is not just or true, or that some specified item or items are not just and true.

This court has held that a sworn denial of a verified account which does not follow the terminology of Rule 185 is not sufficient to prevent summary judgment. The courts are extremely exacting in the nature of the language used in denying a sworn account. *Special Marine Products, Inc. v. Weeks Welding and Construction, Inc.,* 625 S.W.2d 822 (Tex.App.—Houston [14th Dist.] 1981, no writ); *Gayne v. Dual-Air Inc.,* 600 S.W.2d 373 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Solar v. Petersson,* 481 S.W.2d 212 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ).

After appellee filed its motion for summary judgment, appellant filed a first amended original answer which stated:

> Defendant would further show that the alleged *account* which is the foundation of the Plaintiff's action, and supported by Affidavit, is not just. Each and every item of the Plaintiff's *claim and cause of action* is not just or true. [emphasis added.]

A close examination reveals that the language used in appellant's First Amended Original Answer closely tracks the language used in Tex.R.Civ.P. 93(k). Appellee, relying on *Crystal Investments v. Manges,* 596 S.W.2d 853 (Tex.1980), argues that appellant merely generally denied the matters as pled in the Plaintiff's petition since appellant used the words "claim and cause of action" rather than the word "account." However, we do not agree. In *Crystal Investments v. Manges,* the Texas Supreme Court held that an answer, which contained the language "... said *amount* is not just and true in whole or in part ...", did not comply with the requirements of rule 185. Apparently, the court reasoned that saying an "amount" is not just and true is too general. Such a statement is not sufficient to deny the validity of the claims for all the items contained in the sworn account or even to deny the validity of the claims for some specified item or items. The Supreme Court concluded that such language raised only a general denial. However, the language used in appellant's denial is much more specific. Appellant first points out that it is referring to the "alleged account which is the foundation of the Plaintiff's action, and supported by affidavit", and then goes on to state that each and every *item* is not just or true. A reading of the words "claim and cause of action" in the context of the rest of the paragraph, clearly indicates that appellant is stating that each and every item of Plaintiff's *account* is not just and true. Also, the language used in appellant's answer is much more specific than the language which was held to be insufficient to comply with Rule 185 in *Edinburg Meat Products Company v. Vernon Company,* 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976, no writ) (In that case the denial stated, "... each and every item in Plaintiff's Petition which is the foundation of plaintiff's action, including the attached exhibits, is not just and true."). As stated before, this court follows the line of cases which requires that a sworn denial of a verified account must clearly follow the terminology of Rule 185. The language used by appellant closely follows Rule 93(k)

and we find that said language is sufficient to fulfill the requirements of Rule 185.

Appellant also contends that the verification of its First Amended Original Answer complied with the requirements of Rules 93(k) and 185. Appellant's notorized verification stated:

I certify under my seal of office on July 1, 1981, that Five Star Energy Corporation by its attorney, JONATHAN YEDOR, appeared before me, the undersigned authority, on this date. Its attorney signed the foregoing statement in writing before me *and swore before me that the facts stated in it are true to his personal knowledge.* [emphasis added.]

Appellee advances three arguments as to why the verification is insufficient. Appellee first contends that since the verification purports to swear to the truth of facts which are contradictory and inconsistent with each other, it therefore is not positive and unequivocal. Appellee points out that Mr. Yedor swore to the truth of the "foregoing statement" which could only mean that he verified the entirety of the defendant's First Amended Original Answer. Therefore, Mr. Yedor swore to the truth of a general denial and a number of legal conclusions and inconsistent assertions.

■ The facts present in this case are similar to those present in *Rizk v. Financial Guardian Insurance Agency, Inc.,* 584 S.W.2d 860 (Tex.1979). In *Rizk,* the defendant swore to the truth of an answer which contained a general denial, a denial of plaintiff's sworn account and the affirmative defenses of failure of consideration and statute of limitations. In holding that the verified denial was sufficient, the Texas Supreme Court held that alternative pleadings may be had in a suit on a sworn account within the restraints imposed by the required affidavit. Appellee argues that the case presently before us is distinguishable from *Rizk* in that appellant denied the truth and justness of the account in one paragraph while in the next paragraph appellant indicated that some, but not all, of the services rendered were not necessarily required. Appellee argues that

the two paragraphs are inconsistent and therefore nullified the validity of the sworn denial. However, a review of appellant's First Amended Original Answer does not reveal any clear inconsistencies between appellant's sworn denial of the account and the other parts of his answer. Also it is not the job of the trial court to weigh the truth of the defendant's sworn denial. A denial under oath is presumed to be true and if a party swears to incorrect information, he opens himself up to prosecution for perjury.

We conclude that the *Rizk* decision is controlling in this case. The fact that appellant verified the entire First Amended Original Answer did not change the fact that he did also swear that "each and every item of the plaintiff's claim and cause of action is not just or true."

■ Appellee's second contention is that appellant's verification is insufficient because it does not indicate the manner in which Mr. Yedor had personal knowledge of the facts to which he swore. It is undisputed that Mr. Yedor was an attorney acting on behalf of Five Star Energy Corporation. As appellant's attorney, Mr. Yedor had the authority under Tex.R.Civ.P. 14 to execute the verified denial of appellant's sworn account. *Tucker v. Neal Oil Corp.,* 255 S.W.2d 302 (Tex.Civ.App.—Galveston 1952, no writ).

This court has previously stated that no particular form of verification is required for a sworn denial under Rule 185. *Duncan v. Butterowe, Inc.,* 474 S.W.2d 619 (Tex.Civ. App.—Houston [14th Dist.] 1971, no writ). In holding that the sworn denial as required under Rule 185 does not have to state that it was made on personal knowledge, the court in *Hill v. Floating Decks of America, Inc.,* 590 S.W.2d 723 (Tex.Civ.App.—San Antonio 1979, no writ), wrote:

We recognize that there may be instances in which the facts which are made the subject matter of the affidavit may be peculiarly within the knowledge of the client. In such cases it is reasonable to require that the attorney or agent making the affidavit state that he has personal knowledge of the facts. *But no*

*such requirement should be imposed, in the absence of a statute requiring a recital of personal knowledge, where the facts are of such nature that they may be reasonably considered to be within the personal knowledge of the affiant, whether the affiant be the party to the suit or his attorney or agent. Doll v. Mundine,* 84 Tex. 315, 318, 19 S.W. 394, 395 (1892). [emphasis added.]

There is no reason for us to dispute Mr. Yedor's sworn statement that he had personal knowledge of the facts to which he swore in regard to the denial of the sworn account. The basis of the sworn account was to recover attorney fees. Mr. Yedor, as an attorney and as the representative of appellant, was in a position to know whether appellee's claim was just or true. Also, since there is no evidence to indicate that Mr. Yedor was not cognizant of the facts sworn to, we are bound to accept Mr. Yedor's sworn statement that the facts stated were true to his "personal knowledge." *See generally Nunneley v. Weiler,* 244 S.W.2d 707 (Tex.Civ.App.—Fort Worth 1951, no writ).

■ Appellee's third contention is that appellant's verification of its sworn denial is insufficient since Mr. Yedor did not execute an affidavit or any other instrument that directly verifies the truth of any fact. Appellee argues that the verification upon which appellant relies, is nothing but a statement by a notary public that Mr. Yedor appeared before the notary public and signed the pleading and stated that the facts stated in the pleading are true to his personal knowledge. Appellee cites *Dixon v. Mayfield Building Supply Co., Inc.,* 543 S.W.2d 5 (Tex.Civ.App.—Fort Worth 1976, no writ), and *State v. LeBlanc, Inc.,* 399 S.W.2d 919 (Tex.Civ.App.—Houston 1966, no writ) in support of this contention. However, the affidavits in both *Dixon* and *LeBlanc* were held to be insufficient because the defendant failed to "swear or affirm under oath" that the facts stated were true. In the case at bar, appellant swore that the facts stated were true to his personal knowledge. Therefore, appellee's argument is without merit and we find that the verification included in appellant's First Amended Original Answer sufficiently complied with the requirements of Rules 93(k) and 185.

Appellee argues that even if the summary judgment was not properly rendered on the pleadings, it was properly rendered on the basis of the summary judgment proof submitted to the court. Appellee points out that an extensive affidavit setting forth all facts essential to the judgment on the sworn account cause of action pled in the Plaintiff's First Amended Petition was filed along with the motion for summary judgment. Appellee also points out that appellant filed no response to the motion for summary judgment. Tex.R.Civ.P. 166—A(c) clearly states that "[t]he motion for summary judgment shall state the specific grounds therefor." Section (c) also provides:

> . . . The judgment sought shall be rendered forthwith if . . . and the moving party is entitled to judgment as a matter of law *on the issues as expressly set out in the motion* or in an answer or any other response. (emphasis added)

The Texas Supreme Court has interpreted Section (c) as requiring that the reasons for the summary judgment must be in writing and before the trial judge at the hearing. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

■ The motion for summary judgment filed by appellee specifically stated that appellee was entitled to a summary judgment on the grounds that appellee had complied with Rule 185 of the Texas Rules of Civil Procedure but that appellant's answer was insufficient to comply with Rules 93(k) and 185. No other grounds for summary judgment were included in appellee's motion. Having already found that appellant's First Amended Original Answer complied with the requirements of Rules 185 and 93(k), we hold that the trial court erred in entering a summary judgment for appellee on the grounds stated in appellee's motion. Therefore, the judgment of the trial court is reversed and the case is remanded for trial.

Due to our holding as to appellant's first point of error, we need not reach the issue of whether the judgment improperly awarded appellee attorney fees.