**TIRE DISTRIBUTORS, INC., Appellant,**

v.

**The GENERAL TIRE & RUBBER COMPANY, Appellee.**

No. 7939.

Court of Civil Appeals of Texas.

April 28, 1977.

Rehearing Denied May 19, 1977.

Murry B. Cohen, R. Leonard Weiner, Houston, for appellant.

Dan Ryan, Houston, for appellee.

KEITH, Justice.

Defendant below appeals, by writ of error, from a judgment rendered in a non-jury trial and we will speak of the parties as they appeared in the trial court.

Plaintiff sought to recover the unpaid rents it claimed were due upon a sublease agreement and defendant's answer, supported by an affidavit of its president, alleged that the sublease had been terminated by mutual agreement at the end of the last month for which the rent had been paid.

This answer was signed by John M. Fisher, "Representative for Defendant". Although plaintiff contends that Fisher is not an attorney, a careful search of the record does not disclose such fact. However, since defendant does not contend otherwise, we will assume that Fisher was a layman and not an attorney.

Nevertheless, the parties engaged in discovery proceedings and upon one occasion plaintiff's counsel signed Fisher's name to an agreement to continue the case. Prior to the entry of judgment on February 17, 1976, Fisher's status and right to appear on behalf of defendant had not been challenged.

On February 17, 1976, judgment was rendered against the defendant when it did not appear in person or by counsel at a trial on the merits. The only evidence introduced at the hearing was the written sublease agreement attached to plaintiff's petition.

Defendant, through an attorney, timely filed a motion for new trial wherein it was alleged that defendant had no notice of the trial setting and that Fisher had relied upon the promise of plaintiff's counsel that no action on the case would be had pending completion of discovery proceedings, including the deposition of plaintiff's agent. The motion also claimed a meritorious defense: the mutual abandonment of the sublease. This motion was supported by Fisher's affidavit.

Plaintiff, without controverting the truth of the allegations, moved to strike the motion for new trial because it was not signed by the party or his counsel as required in *Tex.R.Civ.P. 320.* Plaintiff's motion was sustained by the trial court and defendant's original motion for new trial was stricken. A similar fate overtook the amended motion for new trial when it was timely filed.

Defendant's motions for new trial (both original and as amended) were in time, proper form, and signed by a licensed attorney. Each motion contained a verified charge of extrinsic fraud in the procurement of the judgment. See *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 1001 (1950). Plaintiff has not responded to this charge.

■ Instead, plaintiff has challenged the right of defendant's counsel to represent defendant. Plaintiff has not pointed to any authority which authorizes a plaintiff to challenge the authority of an attorney to represent a defendant. While a defendant may challenge authority of plaintiff's counsel to proceed, there is no similar authority authorizing a plaintiff to challenge the right of defendant's attorney. *Angelina County v. McFarland,* 374 S.W.2d 417, 422–423 (Tex.1964).

■ We are convinced that the trial court erred in refusing to consider defendant's motions for new trial and to hear the testimony upon the issue of extrinsic fraud and meritorious defense. See, generally, *4 McDonald, Texas Civil Practice, § 18.18(I), pp. 292–293 (1971) Rev.Vol.),* and cases cited.

The third paragraph of *Tex.R.Civ.P. 434* reads:

"Provided, second, that if the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the Court of Civil Appeals, and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Civil Appeals shall proceed as if such erroneous action or failure to act had not occurred."

It would appear that a simple solution to the problem presented by this appeal would be to remand the cause to the trial court with directions to hear and determine the merits of the plaintiff's amended motion for new trial. If it were to be granted, a

certification of such fact to this court would result in a dismissal of the appeal; an order overruling such motion could then be reviewed with a complete record.

However, should we adopt such a course of action, we would be in conflict with one of the most firmly established procedural rules in this state, the rigidity which governs time within which a trial court must dispose of motions for new trial. There are many cases which stand for the proposition that trial courts must not enlarge the period for taking action relating to motions for new trials except as specifically authorized in the rules. See, e. g., *Reese v. Piperi*, 534 S.W.2d 329, 331 (Tex.1976).

In essence, such an order would be equivalent to a writ of mandamus [such as sought in *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633, 644 (Tex.1974)], ordering the trial judge to consider and rule upon a motion for new trial when he would be without power so to do.

On the other hand, having found error, we can afford appellant the relief to which it is entitled under this record—a new trial. The penalty of having to try a case a second time is one which rests upon appellee who made the motion to strike defendant's motions for new trial and upon the trial judge who sustained the motion.

For the reasons herein set out, the judgment is reversed and the cause is remanded for a new trial.

DIES, Chief Justice, dissents.

I agree the trial court abused his discretion in not hearing the motion for new trial, but I have trouble with the majority opinion's conclusion that because of this to remand the case for a complete new trial. It seems to this writer the effect of this decision is to take as true the facts and circumstances set up in defendant's motion for new trial. These allegations are not evidence as to the matters alleged. *Associated Employers Lloyds v. Wynn*, 230 S.W.2d 838, 839 (Tex.Civ.App.—Fort Worth 1950, no writ), and authorities cited therein. I would therefore remand this case with instructions to the trial court to hear the motion for new trial. Either party could then obtain a review of its contentions.

I admit I can find no authority for this suggestion, but neither can I find any authority for the majority's action; and at least to me to now require the trial judge to do what he should have done is more reasonable than in effect our granting a new trial on the basis of no evidence. I do not regard *Plains Growers v. Jordan, supra*, cited in the majority opinion as prohibiting such action. There a party filed a writ of mandamus to compel the trial court to grant a new trial contending it had no notice of the setting of the case for trial, a different matter altogether.