Alice MARTIN, Appellant,

v.

Peggy Mitchell ALLMAN, Appellee.

No. 05–82–01267–CV.

Court of Appeals of Texas, Dallas.

Feb. 17, 1984.

Lanny E. Perkins, Dallas, for appellant.

Lee S. Bane, Dallas, for appellee.

Before STEPHENS, WHITHAM and STEWART, JJ.

WHITHAM, Justice.

Although she had answered, appellant, Alice Martin, failed to appear in person or by attorney at trial. Martin appeals the money judgment rendered in favor of appellees, Peggy Mitchell Allman and Steven E. Allman, d/b/a Peggy Mitchell Associates. Upon learning of the judgment against her, Martin timely filed a motion for new trial. Although the record is silent on what action the trial court took on the motion, the briefs of the parties agree that the trial court overruled the motion. The present case presents this court with an unusual procedural question. What should this court's judgment be when (a) the trial

court errs in excluding all of the evidence at hearing on motion for new trial which establishes one of the three conditions requiring a new trial and the other two conditions are met, (b) all the excluded evidence is brought forward by bill of exception, and (c) complaint is made of the exclusion by proper point of error? For the reasons that follow, we reverse the judgment of the trial court and remand for new trial.

█ In her first point Martin contends that the trial court abused its discretion in overruling her motion for new trial. In disposing of Martin's first point we must determine (1) whether on motion for new trial Martin established that her failure to appear at trial "was not intentional, or the result of conscious indifference on [her] part, but was due to a mistake or accident," (2) whether Martin set up a "meritorious defense" on motion for new trial and (3) whether granting of the motion "will occasion no delay or otherwise work an injury to [the Allmans]." *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). We must make these determinations because as noted in *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966), the applicable rule on motion for new trial is the same whether a party seeks to set aside a judgment rendered on default for failure to appear and answer or to set aside a judgment rendered after a party, having filed an answer, failed to appear for trial. Thus, the applicable rule in either case is as stated in *Craddock*, 133 S.W.2d at 126:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity.

We have no difficulty with the second and third conditions mentioned in *Craddock;* meritorious defense and delay or injury to the plaintiff.

### The Meritorious Defense.

The record, the briefs, and oral argument suggest uncertainty and dispute as to whether this case was brought as a suit on a sworn account and as to whether Martin's sworn motion for new trial and attached affidavit would constitute a denial under oath. Martin's trial pleadings contained no denial under oath. The Allmans contend that the present case is a suit upon a sworn account under TEX.R.CIV.P. 185 and that Martin's failure to file the written denial under oath required by Rule 185 justifies the trial court's action in overruling Martin's motion for new trial. For reasons discussed below, we conclude that it is not necessary to decide whether the Allmans brought a suit on a sworn account under Rule 185 or whether Martin filed "a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true" as required by Rule 185. For the purposes of this opinion we assume, but do not decide, that the Allmans brought a proper suit on a sworn account and that Martin failed to file a proper denial under oath all as required of each of the parties under Rule 185.

█ A meritorious defense is one that, if proved, would cause a different result upon a retrial of the case. *Perez v. Columbia Civic Center, Inc.*, 658 S.W.2d 341, 343 (Tex.App.—Corpus Christi 1983, no writ). A party's failure to file a counter-affidavit which conformed with Rule 185 does not preclude a party from asserting and proving an affirmative defense. *Gayne v. Dual-Air, Inc.*, 600 S.W.2d 373, 375 (Tex. App.—Houston [14th Dist.] 1980, no writ).

Martin's trial pleadings alleged in pertinent part:

> Defendant would allege that the Plaintiff delivered the merchandise and services subject to Plaintiffs' Original Petition

in a damaged and unusable condition to a vast extent.

\* \* \* \* \* \*

Defendant would show that the commission sued for is not due because the services were not substantially performed as agreed.

\* \* \* \* \* \*

Defendant would show that all lawful offsets and credits have not been allowed.

In her sworn motion for new trial Martin alleged in pertinent part:

[T]he Defendant can and does set up the meritorious defense that the goods or services allegedly provided or performed by Plaintiffs were not in fact provided, or, in some cases, provided or performed defectively, or were not reasonably worth the prices charged by Plaintiffs. The facts contained in the Affidavit of ALICE MARTIN, attached and incorporated herein by reference, establish such defense precluding the Plaintiff's recovery on this cause of action.

Martin's affidavit attached to, and incorporated in, her motion for new trial reads in pertinent part:

I have read the Defendant's First Amended Original Answer, which is on file in this case. All the facts set forth in that Answer are within my personal knowledge and are true and correct. In particular, chairs provided to me by the Defendant, were delivered in a broken and unusable condition. Carpet delivered to me by Plaintiffs was defective in that it was not padded and to my personal knowledge, not worth the price charged me by Plaintiffs.

Furthermore, the statements in Plaintiffs' First Amended Original Petition concerning the amount of money which we had agreed to pay, are not true, since the total price was supposed to have been $5,500.00, of which $4,000.00 was in fact, paid. The remaining amount owed, $1,500.00, has not been paid due to the defects in the goods and services provided, including those mentioned in this Affidavit.

The defense of failure of consideration presupposes that there was a consideration in the first instance, but that it later failed. *National Bank of Commerce v. Williams*, 125 Tex. 619, 84 S.W.2d 691, 692 (1935). We interpret Martin's allegations on motion for new trial of broken and unusable chairs delivered and unpadded carpet delivered as pleading the affirmative defense of failure of consideration. Evidence was offered at the hearing on motion for new trial supporting this affirmative defense of failure of consideration. Accordingly, we conclude that Martin's motion for new trial set up a meritorious defense. *Craddock*, 133 S.W.2d at 126.

*Delay or Injury to the Allmans.*

In the present case there is no evidence that the granting of the motion for new trial would have created any delay in bringing this case to trial or in any manner prejudiced the Allmans' cause of action. *See Ward v. Nava*, 488 S.W.2d 736, 739 (Tex.1972). In the present case, as in *Ward*, the party seeking a new trial established that if granted a new trial she is willing to pay the expenses and costs of the hearing of the motion for new trial in the setting aside of the judgment. *Ward*, 488 S.W.2d at 738–39. These costs can be assessed against Martin by the trial court in a final judgment, if any, to be entered on retrial. *Ward*, 488 S.W.2d at 738–39. Accordingly, we conclude that granting Martin's motion for new trial "will occasion no delay or otherwise work an injury to the [Allmans]." *Craddock*, 133 S.W.2d at 126.

*The Failure to Appear.*

Problems arise, however, concerning the first condition mentioned in *Craddock*, i.e., whether on motion for new trial Martin established that her failure to appear at trial "was not intentional, or the result of conscious indifference on [her] part, but was due to a mistake or accident." At the hearing on motion for new trial, Martin offered evidence that would establish these facts through the testimony of two attorneys she had employed, Mr. Larry E. Per-

kins and Mr. Tony Michael Kaufman. It is at this point that the procedural question surfaces. Following the Allmans' objections, the trial court excluded the testimony of Perkins and Kaufman. The testimony of Perkins and Kaufman was brought forward by bill of exception.

■ The testimony of Perkins and Kaufman established the following facts. Two months prior to trial setting Martin discharged the attorney who had appeared and answered in her behalf and she and her husband employed two new attorneys, Perkins and Kaufman. Perkins and Kaufman had the obligation to appear in the trial court at the time the present case was then set for trial on the merits and there represent Martin as attorneys at law at the trial on the merits which resulted in the judgment before us in this appeal. Perkins and Kaufman failed to do so. Confusion between these two new attorneys caused neither of the two new attorneys to appear at trial. The confusion arose because one of the new attorneys thought the other new attorney had filed federal bankruptcy proceedings for both Martin and her husband and obtained a stay of the state court proceedings in the present case. Bankruptcy proceedings, however, had been filed only on behalf of Martin's husband; there was no stay of the state court proceedings against Martin. In view of our disposition of this appeal we see no need to set forth the details of the confusion between the new attorneys.

In her third point Martin contends that the trial court erred in refusing to admit or consider the testimony of attorneys Perkins and Kaufman at the hearing on motion for new trial. From the record, we conclude that the testimony of Perkins and Kaufman was offered for the purpose of showing that Martin's failure to appear at trial was not intentional or the result of conscious indifference on her part, but was due to accident or mistake. As such it was admissible. We conclude further that if the excluded testimony of Perkins and Kaufman had been admitted into evidence, and been the sole evidence on this issue in the present case, then the evidence at the hearing on motion for new trial would show the confusion between Martin's two new attorneys and that this confusion was the reason that Martin failed to appear at trial. We conclude, therefore, that had the excluded testimony of Perkins and Kaufman been admitted into evidence and been the sole evidence on this issue in the present case, then on motion for new trial Martin would have established that her failure to appear at trial was not intentional, or the result of conscious indifference on her part, but was due to accident or mistake. *Craddock*, 133 S.W.2d at 126. We hold that the trial court erred in refusing to admit the testimony of Perkins and Kaufman. Accordingly, we conclude that we must sustain Martin's third point.

### This Court's Judgment.

■ A judgment may not be affirmed or reversed and a different judgment rendered by a court of appeals on the basis of evidence excluded at trial. *English v. Ramo, Inc.*, 474 S.W.2d 600, 606 (Tex.Civ. App.—Dallas 1971), *reversed on other grounds*, 500 S.W.2d 461. As this court observed in *English:*

> Litigants are entitled to rely on the trial court's rulings as determining the record on which judgment is to be rendered. If the trial court had admitted the evidence concerning circumstances leading up to the signing, appellants would have been entitled to rebut by offering testimony of other circumstances. Since it was excluded, they could forego rebutting evidence and limit their cross-examination to that necessary to qualify the bill. If that exclusion was erroneous, appellees' only remedy was to assign such ruling as error on their own appeal and pray for a remand on that ground.

■ By the same reasoning, we may not reverse the trial court's order overruling Martin's motion for new trial and render a different order on the basis of evidence excluded at the hearing on the motion for new trial. But if not, then what should this court's judgment be when the trial court errs in excluding all of the evidence at hearing on motion for new trial that

establishes one of Craddock's three conditions and the other two conditions are met? Following submission, this court is required to "promptly announce its judgment." TEX.R.CIV.P. 433.

 *Tire Distributors v. General Tire & Rubber Co.*, 551 S.W.2d 125, 126–27 (Tex.Civ.App.—Beaumont 1977, no writ) appears to be the only Texas case suggesting answers. The majority offers one answer; the dissent another. In *Tire Distributors*, as in the present case, there was a post-answer default resulting in a judgment rendered in a non-jury trial. In *Tire Distributors* both the majority and the dissent agreed "that the trial court erred in refusing to consider defendant's motions for new trial and to hear the testimony upon the issue of extrinsic fraud and meritorious defense." Faced, as we are, with the question of what to do about such an error, the majority in *Tire Distributors* reasoned and answered as follows:

The third paragraph of *Tex.R.Civ.P. 434* reads:

"Provided, second, that if the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the Court of Civil Appeals, and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Civil Appeals shall proceed as if such erroneous action or failure to act has not occurred."

It would appear that a simple solution to the problem presented by this appeal would be to remand the cause to the trial court with directions to hear and determine the merits of the plaintiff's amended motion for new trial. If it were to be granted, a certification of such fact to this court would result in a dismissal of the appeal; an order overruling such motion could then be reviewed with a complete record.

However, should we adopt such a course of action, we would be in conflict with one of the most firmly established procedural rules in this state, the rigidity

which governs time within which a trial court must dispose of motions for new trial. There are many cases which stand for the proposition that trial courts must not enlarge the period for taking action relating to motions for new trials except as specifically authorized in the rules. See, e.g., *Reese v. Piperi*, 534 S.W.2d 329, 331 (Tex.1976).

In essence, such an order would be equivalent to a writ of mandamus [such as sought in *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633, 644 (Tex.1974) ], ordering the trial judge to consider and rule upon a motion for new trial when he would be without power so to do.

On the other hand, having found error, we can afford appellant the relief to which it is entitled under this record—a new trial. The penalty of having to try a case a second time is one which rests upon appellee who made the motion to strike defendant's motions for new trial and upon the trial judge who sustained the motion.

For the reasons herein set out, the judgment is reversed and the cause is remanded for a new trial.

551 S.W.2d at 126–27. The dissent in *Tire Distributors* reasoned and answered differently:

I agree the trial court abused his discretion in not hearing the motion for new trial, but I have trouble with the majority opinion's conclusion that because of this to remand the case for a complete new trial. It seems to this writer the effect of this decision is to take as true the facts and circumstances set up in defendant's motion for new trial. These allegations are not evidence as to the matters alleged. *Associated Employers Lloyds v. Wynn*, 230 S.W.2d 838, 839 (Tex.Civ. App.—Fort Worth 1950, no writ), and authorities cited therein. I would therefore remand this case with instructions to the trial court to hear the motion for new trial. Either party could then obtain a review of its contentions.

I admit I can find no authority for this suggestion, but neither can I find any

authority for the majority's action; and at least to me to now require the trial judge to do what he should have done is more reasonable than in effect our granting a new trial on the basis of no evidence. I do not regard *Plains Growers v. Jordan, supra,* cited in the majority opinion as prohibiting such action. There a party filed a writ of mandamus to compel the trial court to grant a new trial contending it had no notice of the setting of the case for trial, a different matter altogether.

551 S.W.2d at 127. In our view there is merit in both the well reasoned solutions found in *Tire Distributors.* We conclude, however, that on balance we prefer the majority's answer. Uncertainty concerning the period for taking action on motions for new trials should be avoided. Accordingly, we adopt the majority's answer in *Tire Distributors* and reverse the trial court's judgment and remand for a new trial. Moreover, in the present case, as in *Tire Distributors,* it cannot be said that this action is unjust. It was the Allmans' objections to the testimony of Perkins and Kaufman that brought us to this procedural morass. Therefore, "[t]he penalty of having to try a case a second time is one which rests upon [the Allmans] who made the [objections] ... and upon the trial judge who sustained the [objections]." *Tire Distributors,* 551 S.W.2d at 127.[1]

The judgment of the trial court is reversed and this case is remanded to the trial court for new trial.

---

1. This observation is not entirely correct or fair in the present case since a new judge sits upon the trial court bench. Let us just say that the new trial judge inherited the penalty.