COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-07-147-CV

 

 

JIMMY L. SHAW                                                                 APPELLANT

 

                                                   V.

 

FRANK SHAW BY SHERRI SHAW                                              APPELLEE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

                                MEMORANDUM
OPINION[1]

                                              ------------

I.  Introduction








Appellant Jimmy L. Shaw
appeals the district court=s judgment awarding ownership and possession of 513 Farris, Wichita
Falls, Texas (the Farris property), to Appellee Frank Shaw by Sherri Shaw.  In two issues, Jimmy argues that his transfer
of the Farris property to Frank was void for lack of consideration and that the
district court abused its discretion by failing to grant his motion for new
trial.  In a single cross-point, Frank
argues that this court lacks jurisdiction over this appeal.  We will reverse and remand.

II.  Factual and Procedural Background

This case involves very
unusual facts that are presented against a very quirky procedural
background.  On September 8, 1988,
Anthony Tisko deeded the Farris property to Jimmy and Christina Shaw via a
warranty deed with vendor=s lien.  On that same date, Jimmy and Christina also
signed a deed of trust.  In May 1991,
Christina transferred her interest in the Farris property to Jimmy.  In October 1994, Jimmy signed a quitclaim
deed to his father Frank Afor tax
purposes.@ 

Approximately twelve years
later, Sherri Shaw, Frank=s daughter
to whom he had given a durable power of attorney, told Jimmy that he would have
to start paying rent on the Farris property or vacate the premises.  Jimmy failed to pay rent; however, he did pay
some of the taxes on the Farris property. 

Sherri filed a ASworn Complaint for Eviction@ in the justice court in Wichita County on November 2, 2006, claiming
unpaid rent as the ground for eviction. 
Jimmy did not file an answer. 
Sherri failed to appear when the case was called for trial, and the
justice court denied her claim for possession of the premises.  








Sherri appealed the justice
court=s decision to the district court.[2]  Sherri did not file a new pleading.  The district court conducted a de novo trial
on Sherri=s appeal
from the justice court.  Jimmy appeared
pro se.

After hearing the evidence,
including testimony regarding the quitclaim deed, the district court signed a
judgment on February 1, 2007, finding that Frank was the owner of the Farris
property and was entitled to possession of the Farris property.  The district court also awarded Frank
reasonable rental for the Farris property in the amount of $1,250 and attorney=s fees of $150. 

On March 1, 2007, Jimmy, now
represented by counsel, filed a motion for new trial in the district court,
alleging that the district court had erred by determining that Frank was the
owner of the Farris property because Frank did not give consideration for the
quitclaim deed to the Farris property. 
Two months later, on May 1, 2007, Jimmy filed his notice of appeal. 








On May 14, 2007, the district
court convened a hearing on Jimmy=s motion for new trial.  But
Frank=s counsel argued that the district court did not have jurisdiction to
hear Jimmy=s motion for
new trial because the Texas Rules of Civil Procedure do not authorize the
filing of motions for new trial in forcible entry and detainer cases.  The district court agreed and did not
consider the merits of Jimmy=s motion for new trial. 

Approximately one week later,
the district court signed a writ of possession, entitling Frank to the Farris
property.  This appeal followed. 

III.  Appellate Jurisdiction

As an initial issue, we
address Frank=s contention
that we lack jurisdiction over this appeal.[3]  Specifically, Frank argues that the rules of
civil procedure do not provide for the filing of a motion for new trial in
forcible entry and detainer cases and that, consequently, Jimmy=s notice of appealCfiled eighty-eight days after the judgment was signedCwas not timely filed and failed to vest this court with jurisdiction
over the appeal. 








The rules of civil procedure,
when read as a whole, contemplate only that no motion for new trial is allowed
following the forcible entry and detainer decision of a justice
court.  See Tex. R. Civ. P. 748, 749.  The comment to rule 749 states, AThe purpose of this amendment is to give notice to the appellee that
an appeal of the case from the justice court has been perfected in the
county court.@  See Tex.
R. Civ. P. 749 cmt. (emphasis added). 
The rules pertaining to forcible entry and detainer do not indicate that
motions for new trial are not permitted following the de novo decision of the
county court (or in Wichita County, the district court).  Frank points us to no case law, and we have
found none, involving a forcible entry and detainer in which the appellant was
not allowed to file a motion for new trial following the de novo decision of a
county court or district court; in fact, we have found a case to the contrary.  See Stewart v. C.L. Trammell Props., Inc.,
No. 05-04-01027-CV, 2005 WL 2234607, at *1-4 (Tex. App.CDallas Sept. 15, 2005, no pet.) (mem. op.) (analyzing whether trial
court abused its discretion in forcible detainer case by failing to grant
appellant=s motion for
new trial, which was filed after her appeal to the county court at law resulted
in a default judgment, and was overruled by operation of law).








Because the rules of civil
procedure and case law do not prohibit an appellant from filing a motion for
new trial following the de novo decision of a county court or a district court,
we hold that Jimmy=s motion for
new trial, which was filed within thirty days after the district court=s judgment was signed, was proper and was timely filed.[4]  See Tex.
R. Civ. P. 329b(a).  Consequently,
Jimmy=s notice of appeal, which was filed within ninety days after the
district court=s judgment
was signed, was timely filed.  See
Tex. R. App. P. 26.1(a)(1).  Thus, we have jurisdiction over Jimmy=s appeal.  See Tex. R. App. P. 25.1(b); Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).

IV.  Motion For New Trial

A.     Plenary Jurisdiction to
Hear Motion for New Trial

In the first part of his
second issue, Jimmy contends that the district court had plenary jurisdiction
to hear his motion for new trial. 








Texas Rule of Civil Procedure
329b prescribes the time limits during which the trial court has jurisdiction
to take action on a motion for new trial. 
See Tex. R. Civ. P.
329b.  A trial court has seventy-five
days after the judgment is signed to enter a written order on a timely filed
motion for new trial, or the motion for new trial shall be considered overruled
by operation of law at the end of the seventy-five-day period.  See Tex.
R. Civ. P. 329b(c).  Thereafter,
the trial court has an additional thirty days of plenary power to grant a new
trial or to vacate, modify, correct, or reform the judgment.  See Tex.
R. Civ. P. 329b(e).








In this case, because the
district court=s judgment
was signed on February 1, 2007, and because Jimmy=s motion for new trial was timely filed on March 1, 2007, the district
court had seventy-five days after the judgment was signedCor until April 17, 2007Cto rule on Jimmy=s motion for
new trial.  See Tex. R. Civ. P. 329b(c).  The district court did not hold a hearing on
the motion for new trial, however, until May 14, 2007.  By that time, Jimmy=s motion for new trial had already been overruled by operation of
law.  See id.  But the district court nonetheless had
plenary power until May 17, 2007Cthirty days after the motion for new trial had been overruled by
operation of law on April 17, 2007Cto grant a new trial or to vacate, modify, correct, or reform the
judgment.  See Tex. R. Civ. P. 329b(e) (stating that
trial court does not lose its plenary power until thirty days after motion for
new trial is either overruled by trial court or by operation of law).  And no distinction exists between a motion
for new trial that is overruled by operation of law and a motion for new trial
that is denied by written order.  See
Tex. R. App. P. 33.1(b) (AIn a civil case, the overruling by operation of law of a motion for
new trial . . . preserves for appellate review a complaint properly made in the
motion. . . .@).  Thus, the district court erred by concluding
that it did not have plenary jurisdiction to grant Jimmy=s motion for new trial.  We
sustain the first part of Jimmy=s second issue.

B.     District Court=s Jurisdiction

In his first issue and the
second part of his second issue, Jimmy complains that the district court erred
by failing to grant his motion for new trial because the quitclaim deed of the
Farris property was void for lack of consideration.  Because Jimmy=s arguments implicitly raise the issue of whether the district court
here could determine title in a de novo forcible entry and detainer appeal from
the justice court,[5]
we first analyze whether the district court had subject matter jurisdiction
over the title issue.

1.     Law Applicable to Forcible Detainer Actions








AA forcible
detainer action is a special proceeding governed by particular statutes and
rules.@  Rice v. Pinney, 51
S.W.3d 705, 709 (Tex. App.CDallas 2001, no pet.).  The
proceeding exists Ato provide a
speedy, simple, and inexpensive means for resolving the question of the right
to possession of premises.@  Id.  The Texas Property Code allows forcible
detainer actions against persons (often tenants) who refuse to surrender
possession of real property when demanded to do so by one entitled to
possession.  See Tex. Prop. Code Ann. '' 24.002, 24.0051, 24.0061 (Vernon 2000 & Supp. 2007). 

Our procedural rules
highlight the action=s limited
purpose; rule 746 provides that the Aonly issue@ in a
forcible detainer action is Athe right to actual possession; and the merits of the title shall not
be adjudicated.@  Tex.
R. Civ. P. 746.  Thus, the sole
question for the trial court is who has the right to immediate possession of
the property.  See Villalon v. Bank
One, 176 S.W.3d 66, 70 (Tex. App.CHouston [1st Dist.] 2004, pet. denied); Ward v. Malone, 115
S.W.3d 267, 270 (Tex. App.CCorpus Christi 2003, pet. denied); Dormady v. Dinero Land &
Cattle Co., 61 S.W.3d 555, 557 (Tex. App.CSan Antonio 2001, pet. dism=d w.o.j.).








In a forcible detainer action,
the law requires the plaintiff to introduce sufficient evidence of ownership to
show a superior right to immediate possession; the plaintiff, however, does not
have to prove that he holds title to the property.  See Rice, 51 S.W.3d at 709.  An exception to the court=s forcible detainer jurisdiction may occur when the title issue is Aso intertwined@ with the
possession issue that Apossession
may not be adjudicated without first determining title.@  Dormady, 61 S.W.3d at
557.  Still, this exception to the
justice court=s jurisdiction
occurs Aonly when the justice or county court must determine title issues.@  Rice, 51 S.W.3d at 713.

A forcible detainer action is
not an exclusive remedy and is cumulative of other remedies.  Scott v. Hewitt, 127 Tex. 31, 90
S.W.2d 816, 818B19 (1936); Villalon,
176 S.W.3d at 70.  A party who loses
possession in a detainer action may sue in the district court to decide who has
legal title to the property.  Scott,
90 S.W.2d at 818; Villalon, 176 S.W.3d at 70.  Also, a party may bring a separate detainer
action in justice court and prosecute it concurrently with a suit to try title
pending in district court.  Villalon,
176 S.W.3d at 70B71.

2.     Trying Title in District
Court








In this case, the suit in the
justice court was a straight-forward eviction suit for rent, which resulted in
a default judgment in favor of Jimmy. 
However, Sherri appealed the justice court=s decision to the district court, as is proper in Wichita County.  At the hearing in the district court, issues
related to the title came up during the testimony, and Jimmy, who was pro se,
failed to object.  Thus, it appears that
the issue of title was tried by consent.[6]  See Tex.
R. Civ. P. 67 (providing that when issues not raised by pleadings are
tried by express or implied consent, they shall be treated in all respects as
if they had been raised in the pleadings); Reed v. Wright, 155 S.W.3d
666, 670 (Tex. App.CTexarkana
2005, pet. denied) (holding that even if pleadings had been deficient to raise
issue of implied dedication, the issue was tried by consent when the parties
addressed implied dedication in their briefs and the trial court addressed
implied dedication in its findings of fact); see also Johnson v. Wichita
Falls Housing Auth., No. 02-06-00416-CV, 2007 WL 4126475, at *2 (Tex. App.CFort Worth Nov. 21, 2007, no pet.) (mem. op.) (stating that an issue
is tried by consent when a party introduces evidence to support an issue that
is not included in written pleadings and no objection is made to the lack of
pleadings).








In a county in which appeals
involving forcible detainer cases from the justice court are appealed to the
county court at law, the issue of trying title concurrently with a forcible
detainer case would raise the issue of jurisdiction.  See Tex.
Gov=t Code Ann. ' 27.031(b)(4) (Vernon 2004) (stating that justice court does not have
jurisdiction over a suit to try title to land); Gibson v. Dynegy Midstream
Servs., L.P., 138 S.W.3d 518, 522, 524 (Tex. App.CFort Worth 2004, no pet.) (holding that justice and county courts
properly granted appellee=s plea to
the jurisdiction because questions of title and possession were so integrally
linked that justice court could not have decided possession without deciding
title, over which it did not have subject matter jurisdiction).  Here, however, the government code specifies
that appeals from the justice courts of Wichita County are to the district
courts, which have exclusive subject matter jurisdiction to try title.  See Tex.
Gov=t Code Ann. ' 24.132(b) (giving district courts in Wichita County jurisdiction over
appeals from justice courts); Blaylock v. Riser, 163 Tex. 235, 238, 354
S.W.2d 134, 136 (1962) (stating that power to try title to land is exclusively
within the jurisdiction of district court); see generally Tex. Const. art. V, ' 8 (setting forth jurisdiction of district courts); Tex. Gov=t Code Ann. ' 24.007 (Vernon 2004) (same). 
Consequently, we hold that the 78th District Court of Wichita County had
jurisdiction to determine both title to and possession of the Farris property.

C.     Jimmy=s Motion for New Trial








Because we have held that
Jimmy could file a motion for new trial and that the district court possessed
jurisdiction and plenary power to grant it at any time prior to April 17, 2007,
and that the district court possessed subject matter jurisdiction to try both
title and possession, we now proceed to analyze whether the district court
abused its discretion by not granting Jimmy=s motion.          At the hearing on Jimmy=s motion for new trial, Frank=s counsel argued that the district court lacked jurisdiction to
consider Jimmy=s motion for
new trial.  Jimmy=s counsel countered and attempted to put on evidence concerning the
consideration issue to counter Sherri=s effort in the district court to obtain title; however, his attempt
to put on evidence was cut off.  The
district court stated,

Well, I guess even before I
get to the merits of your argument, I=m trying to figure out, she says I don=t have jurisdiction.  So tell me
how B I mean, I think I=ve got to have jurisdiction before I can even get to [the] merits of
[your] arguments.  Tell me how I have
jurisdiction.  

The remainder of the hearing on Jimmy=s motion for new trial, which takes up approximately ten pages in the
record, was spent discussing whether the district court had jurisdiction to
consider and rule on Jimmy=s motion for new trial.  The
district court concluded at the end of the hearing that it lacked jurisdiction
to grant a new trial. 








As we have discussed above,
however, the district court did in fact have jurisdiction to grant Jimmy=s motion for new trial.  We
cannot, based on the record before us, determine the merits of Jimmy=s first issue and the second part of his second issue challenging the
trial court=s failure to
grant his motion for new trial because the trial court, although desiring to
reach the merits of Jimmy=s new-trial
argument, limited the scope of the hearing to jurisdiction.  Jimmy was improperly cut off from placing
evidence concerning the merits of his motion for new trial before the trial
court.  Accordingly, having sustained the
first part of Jimmy=s second
issue, we reverse the trial court=s judgment and remand for a new trial. 
See Phillips v. Phillips, 244 S.W.3d 433, 435 (Tex. App.CHouston [1st Dist.] 2007, no pet.) (reversing trial court=s striking of motion for new trial and remanding to trial court for
hearing on motion for new trial); Martin v. Allman, 668 S.W.2d 795, 800B01 (Tex. App.CDallas 1984,
no writ) (holding that when trial court erred by prohibiting introduction of
evidence at new trial hearing, appellate court would reverse and remand for a
new trial); see also Tex. R. App.
P. 43.2(d), 43.3.

V.  Conclusion

Having sustained the first
part of Jimmy=s second
issue, we reverse the trial court=s judgment and remand this case for a new trial.  See Tex.
R. App. P. 43.2(d), 43.3; Martin, 668 S.W.2d at 800B01.

 

SUE WALKER

JUSTICE

 

PANEL F:    CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

 

CAYCE,
C.J., concurs without opinion.

 

DELIVERED:
May 8, 2008











[1]See Tex. R. App. P. 47.4.





[2]Normally,
an appeal from a justice court=s decision is to a county
court in which the judgment is rendered. 
See Tex. R. Civ. P.
749.  In Wichita County, however, an
appeal from the justice court is to the district court.  See Tex.
Gov=t
Code Ann. '
24.132(b) (Vernon 2004) (stating that, in addition to other jurisdiction
prescribed by law, each district court in Wichita County has the civil
jurisdiction of a county court), ' 24.180 (Vernon 2004) (giving
specifics related to the 78th District Court of Wichita County from which this
case was appealed).





[3]We
note that Frank attempts to raise this issue in a cross-appeal by means of
cross-points, which no longer exist; Frank did not file a notice of
cross-appeal.  See Tex. R. App. P. 26.1(d).  Thus, we would normally lack jurisdiction to
entertain Frank=s
attempted cross-appeal.  See Charette
v. Fitzgerald, 213 S.W.3d 505, 509 (Tex. App.CHouston
[14th Dist.] 2006, no pet.) (concluding that untimely notice of cross-appeal
deprived court of jurisdiction to consider cross-appeal).  However, because challenges to a court=s
jurisdiction cannot be waived and may be raised at any time, we proceed to
analyze the jurisdictional issue.  See
Waco ISD v. Gibson, 22 S.W.3d 849, 850 (Tex. 2000).





[4]Moreover,
as set forth in more detail below, if the suit as presented to the trial court
included a trespass to try title claim, then Frank=s
issueCregarding
the impropriety of filing a motion for new trial in a forcible entry and
detainer caseCis
moot.





[5]At
the hearing on Jimmy=s
motion for new trial, his counsel pointed out to the district court that Frank=s
forcible entry and detainer suit was the wrong vehicle to use to assert a title
claim to the Farris property and that Frank had asserted claims for attorney=s
fees and reasonable rent, neither of which are a part of a standard forcible
entry and detainer suit. 





[6]Additionally,
Jimmy=s
answer, which his counsel filed on March 1 along with his motion for new trial,
raises the affirmative defense of no consideration for the quitclaim deed.  This appears to further evidence his consent
to try the title issue concurrently with the forcible detainer suit.