

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-147-CV

JIMMY L. SHAW                                                            APPELLANT

V.

FRANK SHAW BY SHERRI SHAW                                      APPELLEE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Jimmy L. Shaw appeals the district court's judgment awarding ownership and possession of 513 Farris, Wichita Falls, Texas (the Farris property), to Appellee Frank Shaw by Sherri Shaw. In two issues, Jimmy argues that his transfer of the Farris property to Frank was void for lack of consideration and that the district court abused its discretion by failing to grant

---

[1] *See* TEX. R. APP. P. 47.4.

his motion for new trial. In a single cross-point, Frank argues that this court lacks jurisdiction over this appeal. We will reverse and remand.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case involves very unusual facts that are presented against a very quirky procedural background. On September 8, 1988, Anthony Tisko deeded the Farris property to Jimmy and Christina Shaw via a warranty deed with vendor's lien. On that same date, Jimmy and Christina also signed a deed of trust. In May 1991, Christina transferred her interest in the Farris property to Jimmy. In October 1994, Jimmy signed a quitclaim deed to his father Frank "for tax purposes."

Approximately twelve years later, Sherri Shaw, Frank's daughter to whom he had given a durable power of attorney, told Jimmy that he would have to start paying rent on the Farris property or vacate the premises. Jimmy failed to pay rent; however, he did pay some of the taxes on the Farris property.

Sherri filed a "Sworn Complaint for Eviction" in the justice court in Wichita County on November 2, 2006, claiming unpaid rent as the ground for eviction. Jimmy did not file an answer. Sherri failed to appear when the case was called for trial, and the justice court denied her claim for possession of the premises.

2

Sherri appealed the justice court's decision to the district court.[2]  Sherri did not file a new pleading.  The district court conducted a de novo trial on Sherri's appeal from the justice court.  Jimmy appeared pro se.

After hearing the evidence, including testimony regarding the quitclaim deed, the district court signed a judgment on February 1, 2007, finding that Frank was the owner of the Farris property and was entitled to possession of the Farris property.  The district court also awarded Frank reasonable rental for the Farris property in the amount of $1,250 and attorney's fees of $150.

On March 1, 2007, Jimmy, now represented by counsel, filed a motion for new trial in the district court, alleging that the district court had erred by determining that Frank was the owner of the Farris property because Frank did not give consideration for the quitclaim deed to the Farris property.  Two months later, on May 1, 2007, Jimmy filed his notice of appeal.

On May 14, 2007, the district court convened a hearing on Jimmy's motion for new trial.  But Frank's counsel argued that the district court did not

---

[2] Normally, an appeal from a justice court's decision is to a county court in which the judgment is rendered.  *See* TEX. R. CIV. P. 749.  In Wichita County, however, an appeal from the justice court is to the district court.  *See* TEX. GOV'T CODE ANN. § 24.132(b) (Vernon 2004) (stating that, in addition to other jurisdiction prescribed by law, each district court in Wichita County has the civil jurisdiction of a county court), § 24.180 (Vernon 2004) (giving specifics related to the 78th District Court of Wichita County from which this case was appealed).

3

have jurisdiction to hear Jimmy's motion for new trial because the Texas Rules of Civil Procedure do not authorize the filing of motions for new trial in forcible entry and detainer cases. The district court agreed and did not consider the merits of Jimmy's motion for new trial.

Approximately one week later, the district court signed a writ of possession, entitling Frank to the Farris property. This appeal followed.

### III. APPELLATE JURISDICTION

As an initial issue, we address Frank's contention that we lack jurisdiction over this appeal.[3] Specifically, Frank argues that the rules of civil procedure do not provide for the filing of a motion for new trial in forcible entry and detainer cases and that, consequently, Jimmy's notice of appeal—filed eighty-eight days after the judgment was signed—was not timely filed and failed to vest this court with jurisdiction over the appeal.

---

[3] We note that Frank attempts to raise this issue in a cross-appeal by means of cross-points, which no longer exist; Frank did not file a notice of cross-appeal. *See* TEX. R. APP. P. 26.1(d). Thus, we would normally lack jurisdiction to entertain Frank's attempted cross-appeal. *See Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (concluding that untimely notice of cross-appeal deprived court of jurisdiction to consider cross-appeal). However, because challenges to a court's jurisdiction cannot be waived and may be raised at any time, we proceed to analyze the jurisdictional issue. *See Waco ISD v. Gibson*, 22 S.W.3d 849, 850 (Tex. 2000).

The rules of civil procedure, when read as a whole, contemplate only that no motion for new trial is allowed following the forcible entry and detainer decision of a *justice* court. *See* TEX. R. CIV. P. 748, 749. The comment to rule 749 states, "The purpose of this amendment is to give notice to the appellee that an appeal of the case *from the justice court* has been perfected in the county court." *See* TEX. R. CIV. P. 749 cmt. (emphasis added). The rules pertaining to forcible entry and detainer do not indicate that motions for new trial are not permitted following the de novo decision of the county court (or in Wichita County, the district court). Frank points us to no case law, and we have found none, involving a forcible entry and detainer in which the appellant was not allowed to file a motion for new trial following the de novo decision of a county court or district court; in fact, we have found a case to the contrary. *See Stewart v. C.L. Trammell Props., Inc.*, No. 05-04-01027-CV, 2005 WL 2234607, at *1-4 (Tex. App.—Dallas Sept. 15, 2005, no pet.) (mem. op.) (analyzing whether trial court abused its discretion in forcible detainer case by failing to grant appellant's motion for new trial, which was filed after her appeal to the county court at law resulted in a default judgment, and was overruled by operation of law).

Because the rules of civil procedure and case law do not prohibit an appellant from filing a motion for new trial following the de novo decision of a

5

county court or a district court, we hold that Jimmy's motion for new trial, which was filed within thirty days after the district court's judgment was signed, was proper and was timely filed.[4]  *See* TEX. R. CIV. P. 329b(a). Consequently, Jimmy's notice of appeal, which was filed within ninety days after the district court's judgment was signed, was timely filed.  *See* TEX. R. APP. P. 26.1(a)(1).  Thus, we have jurisdiction over Jimmy's appeal.  *See* TEX. R. APP. P. 25.1(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

## IV. MOTION FOR NEW TRIAL

### A. Plenary Jurisdiction to Hear Motion for New Trial

In the first part of his second issue, Jimmy contends that the district court had plenary jurisdiction to hear his motion for new trial.

Texas Rule of Civil Procedure 329b prescribes the time limits during which the trial court has jurisdiction to take action on a motion for new trial. *See* TEX. R. CIV. P. 329b.  A trial court has seventy-five days after the judgment is signed to enter a written order on a timely filed motion for new trial, or the motion for new trial shall be considered overruled by operation of law at the end of the seventy-five-day period.  *See* TEX. R. CIV. P. 329b(c).  Thereafter, the

---

[4] Moreover, as set forth in more detail below, if the suit as presented to the trial court included a trespass to try title claim, then Frank's issue—regarding the impropriety of filing a motion for new trial in a forcible entry and detainer case—is moot.

6

trial court has an additional thirty days of plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment. *See* TEX. R. CIV. P. 329b(e).

In this case, because the district court's judgment was signed on February 1, 2007, and because Jimmy's motion for new trial was timely filed on March 1, 2007, the district court had seventy-five days after the judgment was signed—or until April 17, 2007—to rule on Jimmy's motion for new trial. *See* TEX. R. CIV. P. 329b(c). The district court did not hold a hearing on the motion for new trial, however, until May 14, 2007. By that time, Jimmy's motion for new trial had already been overruled by operation of law. *See id.* But the district court nonetheless had plenary power until May 17, 2007—thirty days after the motion for new trial had been overruled by operation of law on April 17, 2007—to grant a new trial or to vacate, modify, correct, or reform the judgment. *See* TEX. R. CIV. P. 329b(e) (stating that trial court does not lose its plenary power until thirty days after motion for new trial is either overruled by trial court or by operation of law). And no distinction exists between a motion for new trial that is overruled by operation of law and a motion for new trial that is denied by written order. *See* TEX. R. APP. P. 33.1(b) ("In a civil case, the overruling by operation of law of a motion for new trial . . . preserves for appellate review a complaint properly made in the motion. . . ."). Thus, the district court erred by concluding that it did not have plenary jurisdiction to

7

grant Jimmy's motion for new trial. We sustain the first part of Jimmy's second issue.

## B. District Court's Jurisdiction

In his first issue and the second part of his second issue, Jimmy complains that the district court erred by failing to grant his motion for new trial because the quitclaim deed of the Farris property was void for lack of consideration. Because Jimmy's arguments implicitly raise the issue of whether the district court here could determine title in a de novo forcible entry and detainer appeal from the justice court,[5] we first analyze whether the district court had subject matter jurisdiction over the title issue.

### 1. Law Applicable to Forcible Detainer Actions

"A forcible detainer action is a special proceeding governed by particular statutes and rules." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). The proceeding exists "to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises." *Id.* The Texas Property Code allows forcible detainer actions

---

[5] At the hearing on Jimmy's motion for new trial, his counsel pointed out to the district court that Frank's forcible entry and detainer suit was the wrong vehicle to use to assert a title claim to the Farris property and that Frank had asserted claims for attorney's fees and reasonable rent, neither of which are a part of a standard forcible entry and detainer suit.

8

against persons (often tenants) who refuse to surrender possession of real property when demanded to do so by one entitled to possession. *See* TEX. PROP. CODE ANN. §§ 24.002, 24.0051, 24.0061 (Vernon 2000 & Supp. 2007).

Our procedural rules highlight the action's limited purpose; rule 746 provides that the "only issue" in a forcible detainer action is "the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746. Thus, the sole question for the trial court is who has the right to immediate possession of the property. *See Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.).

In a forcible detainer action, the law requires the plaintiff to introduce sufficient evidence of ownership to show a superior right to immediate possession; the plaintiff, however, does not have to prove that he holds title to the property. *See Rice*, 51 S.W.3d at 709. An exception to the court's forcible detainer jurisdiction may occur when the title issue is "so intertwined" with the possession issue that "possession may not be adjudicated without first determining title." *Dormady*, 61 S.W.3d at 557. Still, this exception to the

9

justice court's jurisdiction occurs "only when the justice or county court must determine title issues." *Rice*, 51 S.W.3d at 713.

A forcible detainer action is not an exclusive remedy and is cumulative of other remedies. *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936); *Villalon*, 176 S.W.3d at 70. A party who loses possession in a detainer action may sue in the district court to decide who has legal title to the property. *Scott*, 90 S.W.2d at 818; *Villalon*, 176 S.W.3d at 70. Also, a party may bring a separate detainer action in justice court and prosecute it concurrently with a suit to try title pending in district court. *Villalon*, 176 S.W.3d at 70–71.

### 2. Trying Title in District Court

In this case, the suit in the justice court was a straight-forward eviction suit for rent, which resulted in a default judgment in favor of Jimmy. However, Sherri appealed the justice court's decision to the district court, as is proper in Wichita County. At the hearing in the district court, issues related to the title came up during the testimony, and Jimmy, who was pro se, failed to object. Thus, it appears that the issue of title was tried by consent.[6] *See* TEX. R. CIV. P. 67 (providing that when issues not raised by pleadings are tried by express

---

[6] Additionally, Jimmy's answer, which his counsel filed on March 1 along with his motion for new trial, raises the affirmative defense of no consideration for the quitclaim deed. This appears to further evidence his consent to try the title issue concurrently with the forcible detainer suit.

10

or implied consent, they shall be treated in all respects as if they had been raised in the pleadings); *Reed v. Wright*, 155 S.W.3d 666, 670 (Tex. App.—Texarkana 2005, pet. denied) (holding that even if pleadings had been deficient to raise issue of implied dedication, the issue was tried by consent when the parties addressed implied dedication in their briefs and the trial court addressed implied dedication in its findings of fact); *see also Johnson v. Wichita Falls Housing Auth.*, No. 02-06-00416-CV, 2007 WL 4126475, at *2 (Tex. App.—Fort Worth Nov. 21, 2007, no pet.) (mem. op.) (stating that an issue is tried by consent when a party introduces evidence to support an issue that is not included in written pleadings and no objection is made to the lack of pleadings).

In a county in which appeals involving forcible detainer cases from the justice court are appealed to the county court at law, the issue of trying title concurrently with a forcible detainer case would raise the issue of jurisdiction. *See* TEX. GOV'T CODE ANN. § 27.031(b)(4) (Vernon 2004) (stating that justice court does not have jurisdiction over a suit to try title to land); *Gibson v. Dynegy Midstream Servs., L.P.*, 138 S.W.3d 518, 522, 524 (Tex. App.—Fort Worth 2004, no pet.) (holding that justice and county courts properly granted appellee's plea to the jurisdiction because questions of title and possession were so integrally linked that justice court could not have decided possession

11

without deciding title, over which it did not have subject matter jurisdiction). Here, however, the government code specifies that appeals from the justice courts of Wichita County are to the district courts, which have exclusive subject matter jurisdiction to try title. *See* TEX. GOV'T CODE ANN. § 24.132(b) (giving district courts in Wichita County jurisdiction over appeals from justice courts); *Blaylock v. Riser*, 163 Tex. 235, 238, 354 S.W.2d 134, 136 (1962) (stating that power to try title to land is exclusively within the jurisdiction of district court); *see generally* TEX. CONST. art. V, § 8 (setting forth jurisdiction of district courts); TEX. GOV'T CODE ANN. § 24.007 (Vernon 2004) (same). Consequently, we hold that the 78th District Court of Wichita County had jurisdiction to determine both title to and possession of the Farris property.

## C. Jimmy's Motion for New Trial

Because we have held that Jimmy could file a motion for new trial and that the district court possessed jurisdiction and plenary power to grant it at any time prior to April 17, 2007, and that the district court possessed subject matter jurisdiction to try both title and possession, we now proceed to analyze whether the district court abused its discretion by not granting Jimmy's motion.

At the hearing on Jimmy's motion for new trial, Frank's counsel argued that the district court lacked jurisdiction to consider Jimmy's motion for new trial. Jimmy's counsel countered and attempted to put on evidence concerning

12

the consideration issue to counter Sherri's effort in the district court to obtain title; however, his attempt to put on evidence was cut off. The district court stated,

> Well, I guess even before I get to the merits of your argument, I'm trying to figure out, she says I don't have jurisdiction. So tell me how – I mean, I think I've got to have jurisdiction before I can even get to [the] merits of [your] arguments. Tell me how I have jurisdiction.

The remainder of the hearing on Jimmy's motion for new trial, which takes up approximately ten pages in the record, was spent discussing whether the district court had jurisdiction to consider and rule on Jimmy's motion for new trial. The district court concluded at the end of the hearing that it lacked jurisdiction to grant a new trial.

As we have discussed above, however, the district court did in fact have jurisdiction to grant Jimmy's motion for new trial. We cannot, based on the record before us, determine the merits of Jimmy's first issue and the second part of his second issue challenging the trial court's failure to grant his motion for new trial because the trial court, although desiring to reach the merits of Jimmy's new-trial argument, limited the scope of the hearing to jurisdiction. Jimmy was improperly cut off from placing evidence concerning the merits of his motion for new trial before the trial court. Accordingly, having sustained the first part of Jimmy's second issue, we reverse the trial court's judgment

13

and remand for a new trial.  *See Phillips v. Phillips*, 244 S.W.3d 433, 435 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (reversing trial court's striking of motion for new trial and remanding to trial court for hearing on motion for new trial); *Martin v. Allman*, 668 S.W.2d 795, 800–01 (Tex. App.—Dallas 1984, no writ) (holding that when trial court erred by prohibiting introduction of evidence at new trial hearing, appellate court would reverse and remand for a new trial); *see also* TEX. R. APP. P. 43.2(d), 43.3.

## V.  CONCLUSION

Having sustained the first part of Jimmy's second issue, we reverse the trial court's judgment and remand this case for a new trial.  *See* TEX. R. APP. P. 43.2(d), 43.3; *Martin*, 668 S.W.2d at 800–01.


                                        SUE WALKER
                                        JUSTICE

PANEL F:    CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

CAYCE, C.J., concurs without opinion.

DELIVERED: May 8, 2008